JOHN A. SCHULENBERG

*v.*

JOHN V. FARWELL *et al.*

1. ATTACHMENT—*in aid of suit.* An attachment in aid of an action pending may be commenced on the same day with the original suit. It is sufficient if it appear that the principal action was commenced first.

2. SAME—*plea to attachment in aid, no defense to original suit.* A plea denying the existence of the causes for an attachment in aid constitutes no defense to the cause of action set forth in the declaration in the original suit, notwithstanding the proceedings are all entitled in the same case.

3. SAME—*plea does not affect proceedings in original suit.* Where a suit is commenced, and afterwards an attachment is sued out in aid of the suit, and a plea in abatement, denying the alleged causes for attachment, is interposed, but no replication is filed to the plea, the attachment will be

treated as discontinued or abandoned, and, in the absence of a plea to the cause of action, a judgment may properly be rendered by default in the original suit.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On the 21st day of October, 1875, plaintiffs commenced an action of assumpsit against defendant. The summons issued was made returnable to the next term of court, and was served by the proper officer in time for that term. On the same day, plaintiffs sued out a writ of attachment in aid of the suit just commenced, which was levied on property of defendant. A declaration was filed in the action of assumpsit, alleging indebtedness under the common counts. At the term of court to which the summons was made returnable, defendant appeared and entered his motion to quash the attachment writ for want of sufficient affidavit and bond, but no plea was filed to the declaration in the original action of assumpsit. Before the motion to quash was disposed of, defendant, on motion of plaintiffs, was defaulted, and judgment rendered against him for the amount stated in the affidavit of claim, and a general execution in the usual form awarded. On the next day, defendant entered a motion to set aside the default and vacate the judgment, but the court overruled the motion, and defendant saved an exception to that ruling. By leave of court, plaintiffs amended the affidavit in attachment, and also filed an amended bond. A rule was laid upon defendant to plead to the attachment within five days, which he answered by pleading in abatement, denying the causes alleged for attachment. There was no replication to that plea, and nothing further seems to have been done in the attachment proceedings. Defendant brings the case to this court on error, and seeks a reversal of the judgment, because he says it was error to render judgment on default while he was in court by motion to quash the writ of attachment, and for that reason, it is said, the motion to vacate the judgment ought to have been allowed.

26—84TH ILL.

Mr. ADOLPH MOSES, for the plaintiff in error.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Although commenced on the same day, the attachment was none the less in aid of the suit in assumpsit. Having commenced his suit by summons, plaintiff had the undoubted right, at any time before final judgment, to sue out a writ of attachment in aid of his original suit, and it makes no difference whether his suit had been commenced one day or one month, or any indefinite period. It is enough if it appear the principal action was commenced first. Under our statute, it seems the original suit may proceed to final decision, notwithstanding the causes for attachment may be contested. No reason is perceived why a defendant may not defend against the attachment alone, and suffer judgment to go by default against him in the original suit. It is his privilege, at his election, to defend one or both or neither action.

Proceedings in attachment in aid of an original suit, are to be conducted, " as near as may be," like those in an original attachment. We are aware of no reason why attachment proceedings in aid of an original suit, although entitled in the same case, need interfere with the prosecution of the principal cause. A plea denying the existence of the causes which it is alleged justify the attachment, constitutes no defense to the cause of action set forth in the declaration in the original suit.

No replication having been filed to the plea in abatement denying the causes for attachment, it might be understood to work a discontinuance or at least an abandonment of that branch of the case. In that view, the attachment proceedings were at an end, and hence the anomalous case suggested, that one branch of the suit has been finally adjudicated while another part remains to be tried, does not exist.

It is not alleged defendant has any defense to the action of assumpsit commenced against him, and there having been a

discontinuance or abandonment of the attachment in aid, defendant is in nowise prejudiced by the rulings of the court. His defense to the attachment has prevailed, and that was all he sought to make.

The judgment will be affirmed.

*Judgment affirmed.*