## WEHLE V. KERBS.

1. While a writ of error will only lie to a final judgment, it nevertheless brings up the whole record for review; and if there be found substantial errors apparent upon the face of it, operating to the injury of the plaintiff in error, this court has power to correct them by modifying or reversing the judgment.

2. In attachment the rulings of the trial court upon an issue of traverse are reviewable for either party upon appeal or error.

3. That an issue of traverse was disposed of *after* judgment upon the debt may not deprive the plaintiff in error of the right of review; the statutory order of proceeding may be reversed.

4. A material allegation in an affidavit in attachment must be taken to be true unless denied.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. STALLCUP and LUTHE, for plaintiff in error.

Messrs. JACOBSON and DECKER, for defendant in error.

BECK, J.  The writ of error is to a judgment of the district court in an action upon a bill of exchange.

Upon the same day on which the complaint was filed and summons issued, an attachment in aid was sued out in manner provided by the Civil Code, and levied upon a stock of tobacco and cigars belonging to plaintiff in error. He appeared and demurred to the complaint, and the demurrer being overruled, and failing to answer to the merits in obedience to a rule entered against him, judgment *nil dicit* was rendered for the plaintiff below for the amount of his demand.  Prior to judgment, however, the defendant filed an affidavit traversing the matters alleged in the affidavit upon which the attachment was based, but this issue was not disposed of until after the entry of judgment upon the complaint.

Upon the day assigned for the trial of the issue of traverse, an order was entered sustaining the attachment and for execution to be levied upon the property attached.

The only errors assigned are to the latter ruling sustaining the attachment and awarding execution against the property attached.

It is objected by counsel for defendant in error, that this ruling is not reviewable upon error, for the reason that this branch of the case is a mere auxiliary proceeding, upon which neither the main action or the final judgment in any manner depends, and that the final judgment in such cases is precisely the same, whether the attachment be dissolved or not. In support of these propositions counsel cite the case of *Allender v. Fritz*, 24 Cal. 447, which is the only authority upon the point to which we are referred. The case cited was an appeal from an order refusing to dissolve an attachment and from the final judgment. The court held that the order was not appealable; also, that it could not be reviewed on an appeal from the judgment, for the reason that the code provided that on an appeal from a judgment the court could only "review an intermediate order involving the merits and necessarily affecting the judgment." As the court viewed the question, this order neither involved the merits nor affected the judgment.

We are disposed to hold that the rule announced is not applicable to the practice in this court upon writs of error. It is true a writ of error will only lie to a final judgment, but it brings up for review the whole record; and if there be found substantial errors apparent upon the face of it, operating to the injury of the plaintiff in error, the court has power to correct them by reversing or modifying the judgment. Powell on Appellate Proceedings, pp. 105, 115, 262.

There may be a partial reversal, and the court may either give such judgment as the court below should have given, or may remand the cause for further proceedings. Laws 1879, p. 227.

It is said that "a writ of error is an original writ, and lies where a party is aggrieved by an error in the founda-

tion, proceeding, judgment or execution of a suit in a court of record." Tidd's Pr. vol. 2, p. 1134.

In the state of Illinois, where the practice in attachment cases and upon appeals and writs of error is very similar to our own, the rulings of the trial court upon an issue of traverse appear to be reviewable for either party, plaintiff or defendant, both upon appeal and writ of error. *Schwabacker v. Rush et al.* 81 Ill. 310; *Schulenberg v. Farwell et al.* 84 Ill. 400; *Wasson v. Cone,* 86 Ill. 46.

A suit of this kind is prosecuted with a double purpose in view, one being to obtain a judgment for the debt, the other to have such judgment operate as a lien upon the property attached. There are two branches to the proceeding, but they constitute only one case in court; and if the order of proceeding indicated by the statute is pursued, the final judgment comprehends the determination of both branches of the case. If the attachment is sustained, there is an award of execution against the property attached, and the effect of the judgment is to give a lien upon such property from the date of seizure upon the attachment writ.

But if the attachment be dissolved, only a general execution is awarded upon the judgment, and no lien is created upon goods and chattels until the execution is issued and delivered to the sheriff.

Whether the plaintiff is entitled to such lien is a material issue in the case, which certainly affects the substantial rights of the parties, and affects the judgment as well.

Should the traverse be sustained and the attachment dissolved by an erroneous ruling of the court, the plaintiff is deprived of the security for his debt which the law awarded him.

The judgment which he obtains has not the effect of the judgment to which he is entitled. The error is prejudicial to his rights and may occasion the loss of his whole demand.

On the other hand, if the error occurs in the plaintiff's favor, and the court refuses to dissolve an attachment sued out in a case not warranted by the facts, the error is equally prejudicial to the rights of the defendant.

Suppose a stock of merchandise to be seized and held in the custody of the sheriff, upon trial of the issue of traverse, if the attachment was improvidently issued, the defendant is entitled to a return of his goods discharged of the lien, and has the right to continue his trade until judgment upon the demand sued upon and levy of execution.

In another case the error in dissolving or in failing to dissolve an attachment is clearly jurisdictional. Section 9, Laws 1879, p. 219, provides that if the attachment is dissolved, and the debt for which the action is brought is not due, the action shall be dismissed. Whether the error, therefore, be in dissolving, or in the refusal to dissolve, it is necessarily fatal to the judgment in such case.

In the case at bar, as stated, the issue of traverse was disposed of *after* entry of judgment upon the debt. If it could be held that the ruling upon this issue was erroneous, we apprehend the plaintiff in error would not be deprived of the right of review by reason of the order of proceeding. The same judgment, in effect, was rendered as if the statutory order of proceeding had been observed. *Schulenberg v. Farwell, supra,* is an authority for reversing the order of trial of these issues.

But there was no error in the ruling complained of. There was a palpable defect in the affidavit of traverse, and the plaintiff having moved for judgment, and no application to amend the defendant's affidavit being interposed, the court properly directed the order to be entered, sustaining the attachment and awarding execution against the property attached.

The ground of the ruling was that the allegation in the attachment affidavit, that defendant "is about to fraudulently conceal or remove or dispose of his property or

effects, so as to hinder or delay his creditors," was not traversed by the defendant's affidavit.

The latter affidavit was filed six days subsequent to the filing of the attachment affidavit, and the traverse of the aforesaid allegation is in the following words: "It is not true that defendant ever did or has fraudulently concealed or removed or disposed of, or is about to fraudulently conceal or remove or dispose of his property, so as to hinder or delay his creditors."

This affidavit does not deny that the defendant was about to perpetrate this fraud six days before, when the attachment was sued out.

We find no error in the record. The judgment will be affirmed.

*Affirmed.*