## WEHLE *v*. KERBS.

(*Supreme Court of Colorado, Spring Term, 1882—Error to the District Court of Arapahoe County.*)

1. ATTACHMENT—ACTION OF COURT UPON MAY BE REVIEWED UPON WRIT OF ERROR. The action of the Court below, either discharging, or refusing to discharge, an attachment, may be reviewed by the Supreme Court, whether such action was had before or after judgment in the case upon the merits

2. SAME—TRAVERSE. When the affidavit of defendant in attachment traversing the grounds is defective, the attachment will be sustained. The affidavit for attachment, alleging that the defendant "is about to fraudulently conceal or remove or dispose of his property" etc., a traverse, filed six days subsequently, which denies that the defendant *is* about to so dispose of his property, is not good; it fails to deny that the defendant was about to perpetrate the fraud when the attachment was sued out.

BECK, J.   The writ of error is to a judgment of the District Court in an action upon a bill of exchange.

Upon the same day on which the complaint was filed and summons issued, an attachment in aid was sued out in manner provided by Civil Code, and levied upon a stock of tobacco and cigars belonging to plaintiff in error. He appeared and demurred to the complaint, and the demurrer being overruled, and failing to answer to the merits, in obedience to a rule against him, judgment *nil dicit* was rendered for the plaintiff below for the amount of his demand. Prior to judgment, however, the defendant filed an affidavit traversing the matters alleged in the affidavit upon which the attachment was

based; but this issue was not disposed of until after the entry
of judgment upon the complaint. Upon the day assigned for
the trial of the issue of traverse, an order was entered sustain-
ing the attachment, and for execution to be levied upon the
property attached.

The only errors assigned are to the latter ruling, sustaining
the attachment and awarding execution against the property
attached.

It is objected by counsel for defendant in error that this
ruling is not reviewable upon error, for the reason, that this
branch of the case is a mere auxiliary proceeding, upon which
neither the main action or the final judgment in any manner
depends, and that the final judgment in such cases is pre-
cisely the same, whether the attachment be dissolved or not.
In support of these propositions, counsel cites the case of *Allen-
der* v. *Fritz*, 24 Cal., 447, which is the only authority upon the
point to which we are referred. The case cited was an appeal
from an order refusing to dissolve an attachment, and from the
final judgment. The Court held that the order was not ap-
pealable; also that it could not be reviewed on an appeal from
the judgment, for the reason, that the Code provided that, on
an appeal from a judgment, the Court could only "review an
intermediate order involving the merits, and necessarily affect-
ing the judgment." As the Court viewed the question, this
order neither involved the merits nor affected the judgment.

We are disposed to hold that the rule announced is not ap-
plicable to the practice in this Court upon writs of error. It is
true a writ of error will only lie to a final judgment; but it
brings up for review the whole record, and, if there be found
substantial errors apparent upon the face of it, operating to
the injury of the plaintiff in error, the Court has power to
correct them by reversing or modifying the judgment. Powell
on Appellate Proceedings, pp. 105, 115, 262.

There may be a partial reversal, and the Court may either
give such judgment as the Court below should have given, or
may remand the cause for further proceedings. Laws, 1879,
p. 227.

It is said that " a writ of error is an original writ, and lies
where a party is aggrieved by an error in the foundation, pro-

ceeding, judgment or execution of a suit in a Court of record."
Tidd's Pr., Vol. II, p. 1134.

In the State of Illinois, where the practice in attachment
cases, and upon appeals and writs of error is very similar to
our own, the rulings of the trial Court upon an issue of
traverse appear to be reviewable for either party, plaintiff or
defendant, both upon appeal and writ of error. *Schwabacker* v.
*Rush et al.*, 81 Ill., 310; *Schulenberg* v. *Farwell et al.*, 84 Ill., 400;
*Wassen* v. *Cone*, 86 Ill., 46.

A suit of this kind is prosecuted with a double purpose in
view—one being to obtain a judgment for the debt; the other,
to have such judgment operate as a lien upon the property at-
tached. There are two branches to the proceeding, but they
constitute only one case in Court. And if the order of pro-
ceeding indicated by the statute is pursued, the final judgment
comprehends the determination of both branches of the case.
If the attachment is sustained, there is an award of execution
against the property attached, and the effect of the judgment
is, to give a lien upon such property, from the date of seizure,
upon the attachment writ. But if the attachment be dissolved,
only a general execution is awarded upon the judgment, and
no lien is created upon goods and chattels until the execution
is issued and delivered to the sheriff.

Whether the plaintiff is entitled to such lien is a material
issue in the case, which certainly affects the substantial rights
of the parties, and affects the judgment as well.

Should the traverse be sustained and the attachment dis-
solved by an erroneous ruling of the Court, the plaintiff is de-
prived of the security for his debt which the law accorded
him. The judgment which he obtains has not the effect of the
judgment to which he is entitled. The error is prejudicial to
his rights, and may occasion the loss of his whole demand.

On the other hand, if the error occurs in the plaintiff's
favor, and the Court refuses to dissolve an attachment sued out
in a case not warranted by the facts, the error is equally preju-
dicial to the rights of the defendant.

Suppose a stock of merchandize to be seized and held in the
custody of the sheriff—upon trial of the issue of traverse, if
the attachment was improvidently issued, the defendant is en-

titled to a return of his goods, discharged of the lien, and has the right to continue his trade until judgment upon the demand sued upon, and levy of execution.

In another case, the error to dissolve, or to fail to dissolve, an attachment is clearly jurisdictional. Laws, 1879, Sec. 9, p. 219, provides, that if the attachment is dissolved, and the debt for which the action is brought is not due, the action shall be dismissed. Whether the error, therefore, be in dissolving, or in the refusal to dissolve, it is necessarily fatal to the judgment in such case.

In the case at bar, as stated, the issue of traverse was disposed of *after* entry of judgment upon the debt. If it could be held that the ruling upon this issue was erroneous, we apprehend the plaintiff in error would not be deprived of the right of review, by reason of the order of proceeding. The same judgment, in effect, was rendered, as if the statutory order of proceeding had been observed. *Schulenberg* v. *Farwell, supra*, is an authority for reversing the order of trial of these issues.

But there was no error in the ruling complained of. There was a palpable defect in the affidavit of traverse, and the plaintiff having moved for judgment, and no application to amend the defendant's affidavit being interposed, the Court properly directed the order to be entered sustaining the attachment and awarding execution against the property attached.

The ground of the ruling was, that the allegation in the attachment affidavit, that defendant "is about to fraudulently conceal, or remove, or dispose of his property or effects, so as to hinder or delay his creditors," was not traversed by the defendant's affidavit.

The latter affidavit was filed six days subsequent to the filing of the attachment affidavit, and the traverse of the aforesaid allegation is in the following words:

"It is not true that defendant ever did, or has, fraudulently concealed or removed or disposed of, or is about to fraudulently conceal or remove or dispose of his property, so as to hinder or delay his creditors."

This affidavit does not deny that the defendant was about to perpetrate this fraud six days before, when the attachment was sued out.

We find no error in the record. The judgment will be affirmed.

*Judgment affirmed.*

*Stallcup & Luthe,* for plaintiff in error.
*W. S. Decker,* for defendant in error.