Rutledge v. Stribling.

*Reversed and remanded.*

## WILLIAM J. RUTLEDGE
### v.
## MAHALA STRIBLING.

*Attachment in Aid—Service—Affidavit—Agent—Objection First Raised in This Court.*

1.   Where the defendant is properly served in the original suit, no service is required in an attachment in aid.
2.   Where the affidavit in attachment is made by an agent, it *seems* that he need not be so described in the affidavit.    If such omission was a defect, the objection could not be first raised in this court.

[Opinion filed November 18, 1887.]

IN ERROR to the County Court of Morgan County; the Hon. O. P. THOMPSON, Judge, presiding.

Mr. OSCAR A. DeLEUW, for plaintiff.

Messrs. SPRINGER & DUMMER, for defendant.

CONGER, P. J. A suit in assumpsit was brought in the County Court of Morgan County by appellee against appellant and personal service regularly had upon appellant more than ten days before the first day of the term in January, 1887. Before the term began an attachment in aid of the suit in assumpsit was sworn out and the property of appellant levied upon. Appellant appeared, filed a demurrer to the declaration in the original suit, which was overruled, and judgment rendered *nil dicit*, and special execution ordered to sell the property levied upon by the attachment.

It is insisted as there was no service upon appellant in the attachment suit, the awarding of the special execution was improper.

We hold that, as there was proper service in the original suit, none was required in the attachment in aid, the latter suit being a mere adjunct of the former and not a distinct proceeding. It is to be entitled in the pending suit and in aid thereof. The appellant being properly in court would be required to take notice of all that transpired in court, both in the original suit and the attachment in aid thereof. Attachment Act, Sec. 31 *et seq.;* Schulenberg v. Farewell, 84 Ill. 400; Firebaugh v. Hall, 63 Ill. 81; Miere v. Brush, 3 Scam. 21.

It is objected that the affidavit for the attachment is made by one Lurton, and that he is not described in the affidavit as the agent of appellee. To this objection it may be said the statute provides that such affidavit may be made by an agent, but does not in express words require that the fact of agency shall be stated in the affidavit; and even if such omission was a defect in the affidavit, it was but a formal one, which might have been remedied in the court below. And as appellant was properly in that court it was his duty to raise the objection then, if he wished to rely upon it here.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*