[No. 4023.]

THE ROCKY MOUNTAIN OIL COMPANY v. THE CENTRAL NATIONAL BANK OF CLEVELAND.

ATTACHMENT—CORPORATIONS—PLACE OF BUSINESS.

That clause of section 92 of the code which provides as one of the grounds for attachment "that defendant is a corporation whose chief office or place of business is out of the state" does not apply to a corporation whose principal place of business is within the state although its chief office may be without the state.   The statute should be read as though the phrases "chief office" and "place of business" were connected with "and" instead of "or," and if either the chief office or the place of business is maintained within the state, attachment will not lie on that ground.—Mr. JUSTICE STEELE dissenting.

*Error to the District Court of Arapahoe County.*

Defendant in error, as plaintiff, brought this ac-

tion against plaintiff in error, as defendant, on a promissory note of the latter, supplementing the action by an attachment. The affidavit of attachment stated that the chief office or place of business of the defendant corporation is out of the state. No defense was made to the main action, but the averment of the affidavit of attachment was traversed. Upon the issue thus made, the finding was in favor of plaintiff, and a judgment rendered accordingly. The defendant brings the case here for review on error.

The defendant is a corporation, organized under the laws of this state. Its articles recite that the principal office shall be kept in the city of Denver; the principal business carried on in the county of Fremont; and that meetings of directors may be held beyond the limits of the state. At the time the writ of attachment was issued in this case, the principal business operations of the defendant were being carried on in the county of Fremont, under the management and control of Mr. H. L. Short. The officers and a majority of the board of directors resided in the city of Cleveland, Ohio, where they met from time to time in the offices of the respective officials, and from thence directed its general business matters and maintained a close general supervision over its affairs through correspondence with Mr. Short.

The third subdivision of section 92 of the Code relative to attachments, which designates in what instances writs of that character may issue, provides as one of the grounds of attachment, "that the defendant is a corporation whose chief office or place of business is out of the state." The law requires that a corporation organized under the laws of this state shall designate in the articles of incorporation the

name of the town or place, and the county in which the principal office of the company shall be kept, and the county or counties in which the principal business shall be carried on. It also provides that any company created under the laws of this state for the purpose of carrying on part of its business beyond the limits thereof, shall state that fact in its certificate of incorporation, and shall also designate the place in this state in which the principal office shall be kept, and the county in which the principal business is to be carried on within this state. 1 Mills Ann. Stat. § 473.

Messrs. Rogers, Cuthbert and Ellis, for plaintiff in error.

Mr. S. D. Walling, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court.

Under the theory upon which this case was tried below, and as practically conceded by counsel upon both sides, the main question is, does the testimony establish that the defendant is a corporation whose chief office or place of business was without the state of Colorado at the time the affidavit of attachment was filed, and the writ issued, in the sense that its property was subject to attachment on the grounds set out in such affidavit? The expressions in the attachment act, "chief office" or "place of business," while not strictly synonymous, must be regarded as equivalent. The essential characteristics of each might be very different. The former would ordinarily be the place where the officials charged with the general management of its

affairs might meet and direct them; while the latter might be the same, or the place where its business operations were carried on under the direction and supervision of an authorized agent. The two designations are mentioned in the disjunctive, but it is clear that one must be considered the equivalent of the other, although each may be maintained at a separate place. Counsel concede that the subdivision of the attachment act in question applies to domestic corporations. This certainly must have been the purpose, for express provision is made as to foreign corporations. Its evident object was to keep corporations organized under the laws of this state within the jurisdiction of our courts, and subject to the visitorial powers of the state, and at the same time protect creditors by requiring an office or place of business to be maintained within the state, which would be under the direction of an officer or agent upon whom service of process might be had, which would be binding upon the corporation. When either a chief office or place of business of a domestic corporation is maintained in this state, the object of the statute is satisfied. It is immaterial, therefore, whether the chief office of the defendant was in the city of Cleveland or not. The chief place of business was within the state, in the county of Fremont, under the supervision and control of Mr. Short, whose relations to the company were such that a service of process upon him would have been binding. The main purpose of the attachment act is to permit a creditor to secure a lien upon the property of the fraudulent debtor. Other grounds than those of fraud exist which are manifestly necessary and just, but their operation should be limited to those cases which they

were intended to cover. The remedy by attachment owes its existence entirely to the statute, and unless a case clearly comes within its provisions, it cannot be maintained. *Great Western M. Co. v. Wood.*~*as oj Alston M. Co.*, 12 Colo. 46. The case at bar is a clear exemplification of the necessity for this rule. It is not pretended that the defendant has been guilty of any fraud, nor have the rights of the plaintiff in any sense been jeopardized or changed by reason of the fact that the chief office of the defendant may have been maintained in the city of Cleveland. On the contrary, if its chief office had been maintained in the city of Denver, as provided in its articles of incorporation, the position of plaintiff would have been no different, unless, as claimed for it, the direction of the affairs of defendant by its officers from the city of Cleveland gave plaintiff the right to resort to the harsh remedy of attachment. At the time the writ of attachment was issued, defendant was actively engaged in carrying on its principal business operations in the state, and therefore maintaining a place of business within its limits.

The judgment of the lower court should have been for the defendant on the issue made by the traverse of the affidavit of attachment. On this issue its judg-ment is reversed, and the cause remanded, with directions to enter one in favor of defendant.

*Reversed and Remanded.*

## On Petition for Re-Hearing.

*Per Curiam.* The sub-division of the attach-ment act under consideration must be construed in connection with the laws of the state governing the creation of domestic corporations Such corpora-

tions may organize to transact part of their business beyond the limits of the state. Such business might be greater in volume than that transacted within the state. Boards of directors may meet without the state if the articles of incorporation so provide. A well recognized rule of statutory construction is, that statutes must be interpreted according to their intent and meaning, and not always according to their letter. When the words employed are not precise and clear, that construction will be adopted which appears most reasonable and best suited to accomplish the objects intended. In other words—in such circumstances a construction should be discarded which leads to absurd consequences. If the expressions in the statute "chief office" and "place of business" mean the same thing, then useless words have been employed. On the other hand, if "chief office" means the place from whence the general affairs of a corporation are managed and directed and the "place of business" that point where its actual business operations are carried on, then full effect is given to every word employed. If the maintenance of either a place of business or chief office (as the latter is ordinarily defined in law) out of the state renders a domestic corporation subject to attachment, it is a penalty which follows a domestic corporation strictly complying with the law. It will not be presumed that the legislature intended any such results. As said in Sutherland on Statutory Construction, § 252:. "The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their

accurate reading does not render the sense dubious, their accurate meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context."

It is obvious that to carry out the intent of the legislature and at the same time harmonize the attachment act with the law governing the creation of domestic corporations, the word "and" must be substituted for "or," and the subdivision given the construction stated in the main opinion.

Error is assigned to the rendition of the judgment on the note sued upon, as well as on the action of the court in sustaining the attatchment. The entire record is before us. This brings up all auxiliary proceedings for review. *Wehle v. Kerbs*, 6 Colo., 167.

*Rehearing Denied.*

Mr. JUSTICE STEELE dissents.