[No. 2278.]

THE MIDLAND FUEL COMPANY v. SCHUESSLER.

1. **Pleading—Certificate of Indebtedness—Interest.**

   A written certificate of indebtedness will draw interest at eight per cent. per annum. In an action upon such certificate an answer that merely denies that any interest is due or owing on the indebtedness does not put in issue any material allegation of the complaint.

2. **Pleading—Attachment—Affidavit—Traverse.**

   In an attachment proceeding the attachment issues are pre-

sented by the affidavit in attachment and the traverse thereto. The allegations in the affidavit cannot be put in issue by the answer to the complaint.

**3.  Same.**

An affidavit in attachment dated December 8, alleging that defendant is about to fraudulently transfer its property to hinder creditors, is not put in issue by a traverse dated December 19, wherein it denies that it is about to do so. Such traverse is not a denial that it was about to fraudulently transfer its property at the time the affidavit was made.

**4.  Same—Amendment—Discretion of Court—Appellate Practice.**

An application to amend a traverse of an attachment affidavit is addressed to the discretion of the court, and where it does not appear from the record upon what the court acted in denying such application the appellate court will not review its action thereon.

*Error to the District Court of Garfield County.*

Mr. C. W. DARROW, for plaintiff in error.

Mr. J. W. DOLLISON, for defendant in error.

GUNTER, J.

The complaint alleges that August 20, 1896, the defendant was indebted to plaintiff in a certain sum, and that on such date defendant issued and delivered to plaintiff a certificate of indebtedness, wherein it acknowledged itself indebted to plaintiff in said sum. It further alleges certain payments, and prays judgment for the balance due with interest from August 20, 1896.

In the 4th paragraph of the complaint it is alleged that defendant is about to fraudulently transfer its property so as to hinder creditors, and especially the plaintiff.

In aid of the action plaintiff filed an attachment affidavit wherein it is alleged *inter alia* that defendant is about to fraudulently transfer its property to hinder its creditors, and sued out an attachment. The answer to the complaint contained two paragraphs:

(1) "Denies that there is any interest due or owing on the alleged indebtedness or certificate of indebtedness referred to in said complaint."

(2) "And this defendant denies each and every allegation contained in the 4th paragraph * * * in the said complaint."

The affidavit in attachment was of date December 8. December 19, defendant filed a traverse of the affidavit in attachment wherein it denies that it is about to fraudulently transfer its property or any part thereof so as to hinder or delay its creditors or any one or more of them.

When the case was called for trial the defendant "asked that the issues raised by the affidavit in attachment and the traverse thereto be tried separately," which was granted, and a jury empanelled for the trial of the issues so presented. Thereupon plaintiff requested the court to charge the jury that the traverse of attachment did not put in issue one of the grounds of the attachment stated in the affidavit, and that the jury should find the attachment issue for the plaintiff. Defendant asked to amend the traverse, which was denied. It then insisted, and does here, that its denial of an immaterial averment of the complaint, to wit, the averment of paragraph four, constituted a traverse of plaintiff's affidavit in attachment. This contention was overruled by the trial court. The main action was then by consent submitted to the court.

As seen from above answer there was nothing to try in the main action, because the answer did not put in issue any material averment of the complaint. The court entered judgment for the amount admitted to be due August 20, 1896, with interest at the statutory rate. The error assigned to judgment is in the allowance of interest.

The defendant (appellee) contends that the in-

debtedness involved did not bear interest. As stated, no fact alleged in the complaint was denied. According to these facts, August 20, 1896, defendant was indebted to plaintiff in a certain sum due upon an instrument in writing. This being true, the court was right in allowing interest on the indebtedness. 1 Mills' Ann. Stats., sec. 2252.

Whether the allegations of the affidavit in attachment were put in issue must be determined by the traverse thereto, and not by the answer to the complaint. The code prescribes that the attachment issues shall be presented by the affidavit in attachment and the traverse. The parties in this case presented the attachment issues in this manner.

When the case came on for trial defendant asked to have the issues raised by the affidavit in attachment and the traverse thereto tried separately to a jury. This was granted, and we think the trial court right in determining the attachment issues by the affidavit and the traverse thereof. The affidavit alleged that on December 8, the defendant was about to fraudulently transfer its property with the intent to hinder creditors. The traverse made on December 19, denied that the defendant upon December 19, was about to fraudulently transfer its property with intent to hinder creditors. This was not a denial of the allegation in the affidavit, to wit, that defendant was about on December 8, to fraudulently transfer its property with intent to hinder creditors, and it is so ruled in *Wehle v. Kerbs,* 6 Colo. 167. Thereupon defendant asked leave to amend. This was denied. Upon what the court acted in so exercising its discretion we are not advised, so we cannot say it erred. The rule is thus announced in *Dyer v. McPhee,* 6 Colo. 174:

"A motion to amend an answer having in this cause been addressed to the sound discretion of the court, nothing short of a plain and arbitrary abuse

of right would justify this court in reversing the ruling of the court below in denying the motion."— See also *Bransford v. Norwich Union Fire Soc.*, 21 Colo. 34, 39 Pac. 419.

For foregoing reasons the judgment for plaintiff in the main action and upon the attachment should be affirmed.                    *Affirmed.*