THE COLORADO VANADIUM CORPORATION *v.* THE WESTERN COLORADO POWER COMPANY, ET AL.

Decided February 5, 1923. Rehearing denied March 5, 1923.

Action for money judgment involving attachment proceedings. Judgment for plaintiffs.

*Affirmed.*

1. ATTACHMENT—*Traverse of Affidavit—Sufficiency.* A traverse of an affidavit in attachment which does not deny the allegations as of the time stated in the affidavit, is not good.

2. *Traverse of Affidavit—Information and Belief.* A traverse of an affidavit in attachment made on information and belief, is not good. The denial of the grounds of attachment should be positive, clear and explicit.

3. *Affidavit—Traverse—Pleading.* The allegations of an affidavit in attachment must be put in issue, if at all, by a traverse thereof, and not by answer to the complaint.

A separate traversing affidavit is not a pleading in the sense in which that word is used in the code.

4. APPEAL AND ERROR—*Deficient Record.* Where the record in a case on review does not disclose the ground upon which the trial court based an order refusing leave to amend a traverse of an affidavit in attachment, the refusal will not be held error.

5. ATTACHMENT—*Custodian—Compensation.* Under the facts of the

case, $2.50 a day for each of two custodians of attached property held not to be excessive.

*Error to the District Court of San Miguel County, Hon. Thomas J. Black, Judge.*

Mr. JOHN L. STIVERS, for plaintiff in error.

Mr. E. B. ADAMS, Messrs. CATLIN & BLAKE, Mr. J. M. WOY, Mr. L. W. ALLEN, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

FIFTEEN separate actions by different plaintiffs, who are defendants in error, were brought against the defendant, plaintiff in error, to recover money judgments. Each plaintiff filed an affidavit for attachment under the eighth ground of section 98 of our Attachment Act, charging that the defendant "is about to fraudulently convey or transfer or assign his property or effects so as to hinder or delay his creditors, or some one or more of them." The defendant corporation filed a traverse in attachment in all but two of the actions, and in each of these two the traverse, such as it was, is contained in, and is a part of, the answer to the complaint, both of which the attorney of the corporation verified. The language of the traversing affidavit is that affiant "is informed and verily believes, the grounds of attachment set forth in plaintiff's affidavit of attachment, filed herein are false; that none of said grounds of attachment as therein alleged exist in fact, wherefore defendant traverses the affidavit in attachment." There is a slight difference in the language of the affidavits, but none of them is better in form or substance than that above set forth.

The defendant confessed judgment in most of the cases for the amount asked, and evidence, not contested, was heard in the others and judgment in each case went for plaintiff as confessed or proved. No question is raised here as to the amount of the money judgments. Each of

the plaintiffs asked for an order sustaining the attachment on the ground that there was no traverse thereof by the defendant. The court, deeming the traverse insufficient, sustained the attachment. The defendant is here with this writ of error assigning errors to the rulings on the traverse.

There are three questions for decision: 1. Is the traverse good? 2. Did the court commit error in refusing defendant's application to amend its traverse? 3. Is the allowance of custodians' fees excessive?

1. It will be observed that the traverse is upon information and belief, and it says that the grounds of attachment *are* false, and none of them *exist* in fact. There is no specific denial, or denial at all, of the fact set forth in the charging affidavit, that the defendant was, at the time stated about fraudulently to dispose of his property for the purpose of hindering or delaying its creditors, but the denial is restricted to a conclusion of the affiant that the ground alleged by the plaintiff in his affidavit for the writ, is false and does not exist in fact. We need not look beyond the decisions of our own court in holding the traverse insufficient. In *Wehle v. Kerbs,* 6 Colo. 167, the traverse was in the following language:

"It is not true that defendant  *  *  *  is about to fraudulently conceal or remove or dispose of his property, so as to hinder or delay his creditors."

The court said of this traverse:

"This affidavit does not deny that the defendant was about to perpetrate this fraud six days before, when the attachment was sued out."

In *Midland Fuel Co. v. Schuessler,* 18 Colo. App. 386, 71 Pac. 894, the affidavit in attachment, in part is:

"That defendant is about to fraudulently transfer its property to hinder its creditors."

The traverse of defendant was:

"Denies that it is about to fraudulently transfer its property or any part thereof so as to hinder or delay its creditors or any one or more of them."

At page 389 the Court of Appeals said:

"The affidavit alleged that on December 8, the defendant was about to fraudulently transfer its property with the intent to hinder creditors. The traverse made on December 19, denied that the defendant upon December 19, was about to fraudulently transfer its property with intent to hinder creditors. This was not a denial of the allegation in the affidavit, to wit, that defendant was about on December 8, to fraudulently transfer its property with intent to hinder creditors, and it is so ruled in *Wehle v. Kerbs,* 6 Colo. 167."

Section 107 of our Code of Procedure (section 11 of the attachment chapter), provides: "The defendant  *  *  * may, by affidavit, traverse and put in issue the matters alleged in the affidavit upon which the attachment is based;" etc.

We think the plaintiffs are right in their contention that this section was not complied with. The traverse is in the present tense. It does not deny the existence of any fact set forth in the affidavit for attachment. No issue is created. It says that the grounds of attachment herein alleged *are* false; it relates to the present, not to the past. It was made fifteen days after the affidavit in attachment was made. It is just as defective as were the traversing affidavits in the Wehle, and Schuessler cases *supra;* one decided by this Court, the other by the Court of Appeals. If there are decisions in other states to the contrary, they are not controlling here. Unless we overrule our previous decisions—and we are not disposed to do so—the judgment below must be affirmed on this point. It is said by the defendant that the Wehle case was decided at a time when it was the custom to enforce technical rules, but that at the present time the trend is in the other direction. The profession generally seem not to have been dissatisfied, and our General Assembly has not seen fit to enact different provisions.

The traverse is defective also in that it is upon information and belief, and is a mere conclusion and not a denial

of the facts which the charging affidavit makes. In 2 R. C. L., section 38, page 830, it is said:

"The prevailing view is that an affidavit for attachment which is expressed to be made on information and belief is not sufficient. The affidavit, it is held, must state the grounds for attachment positively, and this requirement is not satisfied by allegations on information and belief merely."

See also Wade on Attachment, section 279, where it is said: "The denial of the grounds of attachment, * * * should be positive, clear and explicit." The same principle applies to the charging and traversing affidavits.

It is further said by the defendant that even if this traverse by a separate affidavit is insufficient, the denial, in several of the cases, in the answer, is sufficient. The decision in the Schuessler case, *supra,* is that the allegations of the affidavit in attachment must be put in issue, if at all, by the traverse thereto, and not by the answer to the complaint. The separate traversing affidavit is not a pleading in the sense in which that word is used in our Code, so as to permit a traverse, by an officer of a corporation, upon information and belief. An officer or an attorney of a corporation, who undertakes to traverse an affidavit in attachment, is presumed to know what his corporation did and must make his affidavit positively. *Mastin v. Bartholomew,* 41 Colo. 328, 92 Pac. 682. The defendant in that case was not a corporation, but there is just as good reason for saying that this rule should apply to an officer of a corporation as to a natural person.

2. The defendant did not make its application to amend its traverse until after judgment was rendered. It stoutly maintained its sufficiency during the progress of the trial. Just how long after judgment was rendered the application to amend was made, is not set forth in the abstract of the record. It is incumbent upon the plaintiff in error, by his abstract, to make this point clear, and we are not required to search the transcript to ascertain the fact, if it is there disclosed, which the plaintiff in error has failed

to reveal in the proper way. The defendant did ask for time to amend the traverse, or file a new traverse, to comply with the ruling of the court, but did not state to the court what the proposed amendment was; whether it would be better than the traverse on file, or whether it would still be on information and belief. The ground upon which the court based its refusal to give time for the preparation and filing of an amendment is not disclosed in this record. Speaking of a similar application, our Court of Appeals in the Schuessler case, *supra,* said:

"Thereupon defendant asked leave to amend. This was denied. Upon what the court acted in so exercising its discretion we are not advised, so we cannot say it erred. The rule is thus announced in *Dyer v. McPhee,* 6 Colo. 174: 'A motion to amend an answer having in this case been addressed to the sound discretion of the court, nothing short of a plain and arbitrary abuse of right would justify this court in reversing the ruling of the court below in denying the motion.' "

The case was on trial for about two days. It was vigorously contested on the question of the sufficiency of the defendant's traverse. Indeed, that was, if not the only, certainly the principal, disputed question. The defendant was as well advised before, as after, judgment, that the traverse was fatally defective. It further appears from the record that the trial judge was convinced that the defendant's conduct, and the attitude of its counsel, were not such as to invoke, in its favor, the sound judicial discretion of the court when time was asked for an amendment.

The fact that plaintiffs did not file a written paper or motion before the trial began, and thus call attention of defendant to the defect in its traverse, upon which the defendant's counsel lays stress in his argument, is not a ground that would likely appeal to the discretion of the court. Just how, under our practice, the question of the insufficiency of the traverse could be raised prior to the trial, is not indicated, but if it could be so questioned, the

defendant had, during the two days which the trial occupied before judgment was pronounced, full opportunity to amend, after the attack was made and before final judgment.   At all events, under the decision of the Schuessler case, *supra,* the record, not disclosing the ground upon which the court based 'its order refusing leave to amend, we cannot say that there was error in its ruling.

3.   There is an assignment of error that the court erred in granting an allowance of $2.50 per day to each of the two custodians of the property, and for more days than they worked.   The trial court had superior facilities for determining such compensation.   Nothing appears in the record, and nothing in the brief convinces us, that the court made any mistake in its award.   The property attached consisted of a number of properties widely scattered, and the responsibility of the custodians was great. We consider this assignment not well taken.

The judgment is affirmed.