No. 12,366.

R. H. MITCHELL LUMBER & HARDWARE CO. *v.* NORTHWESTERN LUMBER AND SHINGLE COMPANY.

(1 P. [2d] 97)

Decided June 15, 1931.

Mr. FREDERICK P. CRANSTON, Mr. C. COOPER YOUNG, for plaintiff in error.

Mr. FRANK B. GOUDY, MR. EDWARD L. WOOD, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff, Northwestern Lumber and Shingle Company, brought this action in the Denver district court against the defendant, Mitchell Lumber and Hardware Company, asking for judgment against the defendant for $647.27, which sum the complaint says the defendant then owed the plaintiff. The defendant at the trial, and on this review, admits that it owed this debt and the judgment in that sum for the plaintiff is not here questioned. During the pendency of the action in the district court plaintiff caused a writ of attachment to be issued to the sheriff of Lincoln county by virtue of which the sheriff attached the stock of merchandise of the defendant company. The affidavit for the attachment alleged that the defendant was about to fraudulently convey, transfer and assign its property or effects so as to hinder or delay its creditors, including the plaintiff. Afterwards the court permitted the plaintiff, upon application and due showing, to file an additional affidavit for the attachment in which it was alleged that the defendant had fraudulently conveyed or transferred and assigned its property and effects so as to hinder and delay its creditors. It sufficiently appears from the record that about an hour before the complaint was filed the defendant, as matter of fact, though the plaintiff had no knowledge thereof, had

already sold, or purported to sell, its entire stock of merchandise to the Vesta Mines, Inc., and it was for this reason that the trial court permitted the plaintiff to add the additional ground. The defendant's motion to quash the writ of attachment, the levy, and return of the sheriff was denied and trial was had upon the issue raised by the defendant's traverse. The jury found in favor of the plaintiff. Defendant's motion for a new trial, upon hearing, was denied and judgment on the verdict of the jury was entered and the attachment was sustained.

The plaintiff in error here, the defendant Mitchell Lumber Company, in its opening brief says: "All of the assignments of error are included under two main divisions; the first relating to the validity of the levy, and the second to failure to prove the ground of attachment alleged." The second division plaintiff in error says is covered by the denial of the motion for a new trial. Counsel for plaintiff in error further say that the discussion is divided under these heads: (1) The motion to quash the writ, release the levy and strike amendment to the return should have been granted; (2) the grounds of attachment should not have been sustained.

Assuming, but not deciding, that the orders and rulings of the court here complained of constitute a final judgment to which a writ of error lies, we proceed to a discussion of what plaintiff in error says are erroneous rulings of the trial court.

First, it should be stated that the argument of counsel for plaintiff in error, though interesting, is not based upon anything in the record before us which they are privileged to have decided. The transcript of the record consists of over 500 folios. The abstract of the record by plaintiff in error consists of six printed pages. It is wholly impossible therefrom to determine any of the questions which are so elaborately and fully discussed by its counsel. It filed a supplemental abstract which includes only the instructions given by the court and those asked for by the defendant and refused. In no respect

does the supplemental abstract supply any of the defects in the original abstract so far as concerns the evidence and the proceedings at the trial. In the absence of anything to the contrary appearing in the record, we must assume that the instructions given by the trial court of its own motion correctly applied the law to the facts as disclosed by the evidence. Although the plaintiff in error discusses in its brief certain rulings of the trial court on the admission of evidence which are said to be improper, the abstract of the record sets forth neither the evidence nor the objections made thereto.

■ The main reliance here of the plaintiff in error is based upon something that is not properly before us. Indeed, we think that the court, instead of overruling the objection of the defendant in error to the insufficiency of the traverse of the attachment affidavit, should have sustained the objection. And plaintiff has assigned cross-error to this erroneous ruling, and we hold it well taken. In *Colorado Vanadium Corp. v. Colorado Power Co.*, 73 Colo. 24, 213 Pac. 122, we expressed our disapproval of a traverse sounding in the present, rather than the past, tense. In that case the traverse stated that the grounds of attachment are false, and we said: "The traverse is in the present tense. It does not deny the existence of any fact set forth in the affidavit for attachment. No issue is created. It says that the grounds of attachment herein alleged *are* false; it relates to the present, not to the past. It was made fifteen days after the affidavit in attachment was made." In the case we are now considering the traverse of the affidavit was made and filed eleven days after the affidavit in attachment was filed and says the allegations of the attachment affidavit are untrue, not that they were untrue when made. See also *Wehle v. Kerbs*, 6 Colo. 167, 170, 171; *Midland Fuel Co. v. Schuessler*, 18 Colo. App. 386, 71 Pac. 894.

Soon after the record in this case was filed the plaintiff in error applied for a supersedeas and supported it by a brief containing substantially the same grounds which

are urged for reversal now. The court, sitting en banc, denied the application after a full consideration thereof and authorities relied upon. We find nothing in the briefs of counsel on this review that justifies any different ruling. The jury, to which the questions of fact were submitted under proper instructions of the district court, found all material facts in favor of the attaching creditor and against the plaintiff in error. We might summarily have disposed of this case upon this review without discussion, for failure of plaintiff in error to comply with the rules of this court with reference to abstracts. The same result, however, is reached by a consideration of the argument of the counsel for plaintiff in error based as it is upon a false theory.

The judgment is affirmed.