Opinion by
Mr. Justice Moore.
We shall refer to plaintiffs in error as the plaintiffs, and to defendants in error as the defendants or by name.
The action was brought to recover the sum of $2,000 which the plaintiffs had paid upon the execution of a contract entered into between them and the defendant Cummiskey, under the terms of which the plaintiffs agreed to purchase from the defendant a liquor business in Littleton, Colorado. It was alleged in paragraph 5 of the plaintiffs’ complaint:
“That said agreement was contingent upon defendants’ furnishing plaintiffs, as prospective purchasers of the business, financial background of the business to the satisfaction of plaintiffs.”
The plaintiffs further alleged:
“6. That sufficient financial background was not furnished plaintiffs, and some of said financial background furnished was not true. The plaintiffs contacted the defendant, Moon Realty 'Co., many times to furnish a complete financial statement and they failed and refused to furnish said financial statement.
*367 “7. That plaintiffs were not satisfied with the income of the financial statement furnished them and, therefore, elected to rescind the agreement.”
Separate answers were filed by the defendants in which they admitted the allegations contained in paragraph 5 of the complaint, but denied the other matters hereinabove quoted. In addition, they affirmatively alleged that the purchase and sale of the liquor store was not consummated because of “the acts and conduct of the plaintiffs and was in no manner related to financial data,” and that they were at all times “ready, able and willing to perform said agreement, and that the plaintiffs failed, refused and neglected to perform according to their written agreement of purchase.” They further alleged that under the express terms of the contract the deposit of $2,000 was forfeited as liquidated damages resulting from the plaintiffs’ refusal to perform.
The case was tried to the court without a jury and at the conclusion of the plaintiffs’ evidence the defendants moved for dismissal of the action. This motion was granted and the trial court entered judgment in favor of the defendants.
It is argued by counsel for the plaintiffs that a “prima facie case against the defendants” had been made and that the court erred in dismissing the action at the close of the plaintiffs’ evidence. This argument would carry weight if a jury had been impanneled to try the facts. There was no jury in the instant case and the court therefore became the trier of questions of fact.
The most that can be said in support of the case made out by the plaintiffs, is that some reasonably minded persons might have drawn inferences from the evidence which would have supported the plaintiffs’ claim. The trial court, however, found that on the plaintiffs’ own evidence there had been full acceptance by them of the financial statement furnished to them by the defendants, and that the “financial background” of the business was shown “to the satisfaction” of the *368 plaintiffs. There was an abundance of evidence before the trial court to sustain these findings.
We quote pertinent language from the case of Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284, the rationale of which we deem controlling in the case at bar:
“* * * when the trial is to the court, as it was here, the trial court is the finder of the fact and may make its findings and render judgment against the plaintiffs at the close of the plaintiffs’ case. Rule 41(b) (1), R.C.P. Colo. The question on review of such action is net whether the plaintiffs made a prima facie case, but whether a judgment in favor of the defendant was justified on the plaintiffs’ evidence. If reasonable men could differ in the inferences and conclusions to be drawn from the evidence as it stood at the close of the plaintiffs’ case, then we cannot interfere with the findings and conclusions of the trial court. Blair v. Blair, 144 Colo. 442, 357 P.2d 84; Niernberg v. Gavin, 123 Colo. 1, 224 P.2d 215.”
The judgment is affirmed.
Mr. Justice Day and Mr. Justice Schauer concur.