*410 Opinion by
Mr. Justice Pringle.
The plaintiffs in error (hereinafter referred to as plaintiffs) instituted two attachment proceedings on June 28, 1966, pursuant to R.C.P. Colo. 102(b). The required affidavits alleged that the defendant in error (the defendant) was indebted to the plaintiffs for legal services and for certain other debts. The causes for attachment set forth in the affidavits were (1) that the defendant was about to fraudulently conceal her property from creditors or to depart the state with the intention of having her effects removed from the state; and (2) that the defendant had failed or refused to pay the price or value of services rendered by the plaintiffs which should have been paid at the completion of such work or when services were fully rendered.
Traverse affidavits were filed by the defendant on July 6, 1966, which denied the allegations of debt contained in the affidavits upon which the attachment was based and asserted that the defendant was not about to conceal or remove her property or to depart the state. Thereafter, a hearing was held and at the close of the plaintiffs’ case, the defendant moved that the writs of attachment be dissolved. Plaintiffs objected that the traverse affidavits had failed to put in issue the allegations of their affidavits in support of attachment. The trial court found that the allegations had been placed in issue and that the plaintiffs had failed to present a prima facie case to support them. An order was entered dissolving the writs of attachment.
The plaintiffs in error contend (1) that the denials of the defendant in her traverse affidavits do not speak as of the date the affidavits in aid of writ of attachment were filed and, therefore, are not sufficient to put the allegations of the affidavits in issue; (2) that the defendant failed to specifically deny one of the two independent causes for attachment set forth in plaintiffs’ affidavits; and (3) that the judge was in error in finding *411 that the plaintiffs had failed to establish a prima facie case substantiating their alleged causes for attachment. We do not agree and therefore affirm the judgment of the trial court.
I.
The plaintiffs rely on Colorado cases beginning with Wehle v. Kerbs, 6 Colo. 167, and including Midland Fuel Co. v. Schuessler, 18 Colo. App. 386, 71 P. 894; Colorado Vanadium Corp. v. Western Colorado Power Co., 73 Colo. 24, 213 P. 122; and Mitchell v. Northwestern Lumber & Shingle Co., 89 Colo. 215, 1 P.2d 97. These cases support the contention of the plaintiffs that the traverse affidavit must speak and deny as of the date on which the affidavits in support of attachment are filed in order to specifically put in issue the causes for attachment set forth in the affidavits. It is true that the traverse affidavits here do not meet the tests of Wehle, supra, and the cases following it. However, the circumstances of this case require a result different than Wehle. It must be noted that Wehle and the other cases cited above were decided before the adoption of the present rules of civil procedure and more specifically before Rule 15(b) became part of Colorado’s civil procedure. Also, in each of the above cases timely objections were raised to the sufficiency of the traverse affidavits before the hearing on the writ of attachment and before the presentation of evidence by the plaintiff.
The record of the hearing in this case makes it clear that no objection was made to the sufficiency of the traverse affidavits until after the plaintiffs had completed their presentation of evidence in support of the causes alleged in the affidavits in aid of the writs of attachment. The evidence presented relates to the intent of the defendant at or before June 28, 1966. Throughout the hearing, it was evident that all of the parties were proceeding on the theory that June 28, 1966 (the date the plaintiff’s affidavits were filed) was the critical date and that the issue was the defendant’s intent on that date.
*412 R.C.P. Colo. 15(b) provides that when issues not raised by the pleadings are tried by the express or implied consent of the parties they shall be treated in all respects as if they had been raised in the pleadings. Rule 15 (b) has been interpreted to provide that when an issue is tried before the court without timely objection or motion, then the issue is before the court regardless of any defect in the pleading. Carlson v. Bain, 116 Colo. 526, 182 P.2d 909. Objection in the present case to the sufficiency of the traverse affidavits came only after the issue had been tried before the court and the plaintiffs had presented their evidence concerning the issue. The plaintiffs were free to challenge the sufficiency of the traverse affidavits before the hearing on the writ of attachment, and the court at its discretion could have allowed amendment under R.C.P. Colo. 110(a). No such objection was made.
The plaintiffs also contend in the same vein that the denial of defendant in her traverse affidavit that any debt was due does not speak of the date the plaintiffs’ affidavit was filed. However, the traverse affidavits in question here do specifically refer to the allegations of debt contained in the affidavits in support of the writs of attachment. These allegations of debt consist partly of debt for services rendered and speak as of the date of filing. Since these allegations are specifically referred to and denied, there is a denial as of the date of filing of the affidavits in aid of the writs of attachment.
II.
 The plaintiffs argue that the defendant’s denial in her affidavits of any debt owed to the plaintiffs was not sufficiently specific to place in issue the second cause for attachment which was that the defendant had failed or refused to pay for services rendered which should have been paid for at the time the services were rendered fully by the plaintiffs. We find no merit in this argument. It is true that the denial of grounds for attachment should be clear and specific. However, in this case the plaintiffs *413 set forth in the affidavits in aid of the writs of attachment the nature of the indebtedness, part of which was based on services rendered by the plaintiffs. A denial that the debt was owed was sufficient to put in issue the question whether services had been rendered for which payment was due at the time the services were rendered.
III.
 Plaintiffs assert, finally, that the court erred in granting defendant’s motion to dismiss at the close of the plaintiffs’ case. They contend that the trial court was required at that stage of the proceedings to view the evidence in the light most favorable to the plaintiffs, and that, viewed in that light, the evidence made a prima facie case. We have recently pointed out that where the trial is to the court the rule contended for by the plaintiffs is not applicable. Where the trial judge is the fact finder, he may, if the evidence taken during the plaintiffs’ case is in conflict, or reasonable men could differ in the inferences to be drawn therefrom, make his determination of the fact and the inferences to be drawn therefrom without requiring the defendant to present the same or additional evidence. Rowe v. Bowers, 160 Colo. 379, 417 P.2d 503; Hoeprich v. Cummiskey, 158 Colo. 365, 407 P.2d 28; Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284. Here the evidence presented in the plaintiffs’ case was sharply in conflict. We cannot say that the trial court erred as a matter of law when he stated that on the basis of the record before him he was not convinced that the grounds alleged in the affidavit in support of the writs of attachment were sustained.
The judgment is affirmed.
Mr. Justice 'Day and Mr. Justice Kelley concur.