517 P.2d 480 (1973)
FERNDALE DEVELOPMENT CO., INC., and Shroyer Construction Co., Inc., Colorado corporations, Plaintiffs-Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY, a Colorado corporation, Defendant-Appellee.
No. 72-410.
Colorado Court of Appeals, Div. I.
October 10, 1973.
Rehearing Denied November 6, 1973.
Certiorari Granted January 21, 1974.
Costello, Kofoed & O'Donnell, David Kofoed, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Don R. Evans, Robert E. Dean, Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
Plaintiffs filed a complaint against the defendant seeking recovery for water damage to a building which plaintiffs were constructing. They alleged that on the date of the loss they had a policy of insurance in force with the defendant insuring against this loss, and that, after proper notice and proof, defendant had failed to pay the claim. Defendant's answer was a general denial.
*481 At trial to the court, plaintiffs presented evidence supporting the specific allegations in their complaint and submitted a copy of the policy to the court. Defendant rested without presenting any testimony and made no attempts to amend its answer or to submit any proof as to any exclusions to coverage, although, in his opening statement, defendant's counsel did mention the existence of one exclusion which had no applicability to any of the facts presented at trial. At the close of the evidence, the court rendered judgment for the defendant specifying some exclusion clauses in the policy which the court considered to be controlling. Plaintiffs appeal, and we reverse.
Plaintiffs met the tests set forth in Grand Lodge, A.O.U.W. v. Taylor, 44 Colo. 373, 99 P. 570, where the court stated:
"Under the rule in this jurisdiction,. . . when the insurance policy is delivered and becomes operative, all that is necessary primarily to allege in the complaint is the contract of insurance, the happening of the contingency whereby the insured became liable to pay by reason of the contract, and the amount of the indemnity to which he is entitled."
If a plaintiff pleads properly, as in this instance, and offers sufficient proof of his allegations, he should not be denied recovery on the basis of an exclusion unless such an exclusion was both pled and proved by the insurance carrier. See 19 G. Couch, Cyclopedia of Insurance Law, § 76:197 (2d ed.); Grand Lodge, A.O.U.W. v. Taylor, supra. Where the insurance carrier has not raised the issue of the exclusion, as an exclusion in an insurance policy is an affirmative defense which must be pled and proven, a general denial by the insurance carrier is not sufficient to place an exclusion at issue. A plaintiff who has met his burden should not have to anticipate or carry any burden of proof as to any exclusions to coverage which may be divined by the court from the policy itself. Camden Fire Insurance Ass'n v. Moore, 206 S.W.2d 104 (Tex.Civ.App.).
Since this error requires reversal, we need not discuss the other allegations of error specified by plaintiffs.
The judgment is reversed and the cause remanded with directions that the trial court enter judgment in favor of plaintiffs and determine the amount of damages, if any, to which they are entitled.
SILVERSTEIN, C. J., and ENOCH, J., concur.