## No. C-463

**Great American Insurance Company, a Colorado corporation v. Ferndale Development Co., Inc., and Shroyer Construction Co., Inc., Colorado corporations**

(523 P.2d 979)

Decided June 17, 1974.　　　　　　Rehearing denied July 15, 1974.

Yegge, Hall and Evans, Don R. Evans, Robert E. Dean, Samuel David Cheris, for petitioner.

Costello and Kofoed, P.C., David L. Kofoed, William R. Dowhan, for respondents.

MR. JUSTICE GROVES delivered the opinion of the Court.

The facts of this case are not in dispute. Ferndale Development Company owned certain property in Dillon, Colorado, that was adjacent to a city water line. Ferndale had been constructing condominiums on its property when a valve on the water line ruptured causing water to inundate the footings and foundations of Ferndale's partially completed structures. Great American Insurance Company insured Ferndale's property.

When Great American refused to reimburse Ferndale for its losses, Ferndale sought recovery in the district court under the insurance contract. Great American generally denied the allegations of the complaint and did not plead any exclusion

254

within the insurance policy as an affirmative defense. Although Great American's answer was never formally amended to include any policy exclusion, at the trial the issue of whether any exclusions defeated coverage was litigated.

The district court ruled that two exclusions applied to defeat coverage. The Court of Appeals, 33 Colo. App. 84, 517 P.2d 480, reversed on the ground that Great American was precluded from asserting a policy exclusion as an affirmative defense because it had failed to plead such a defense. It did not pass on other issues presented to it. We reverse.

■ C.R.C.P. 8(c) states that a party shall affirmatively plead all matters constituting an avoidance or affirmative defense. The apparent rigidity of this rule is softened by C.R.C.P. 15(b) which provides that when issues not raised by the pleadings are tried by the express or implied consent of the parties they shall be treated in all respects as if they had been raised in the pleadings. Rule 15(b) has been interpreted to provide that when an issue is tried before the court without timely objection or motion, then the issue is deemed properly before the court despite any defect in the pleading. *Barbary v. Benz,* 169 Colo. 408, 457 P.2d 389 (1969); *Metropolitan State Bank, Inc. v. Cox,* 134 Colo. 260, 302 P.2d 188 (1956).

■ While Great American's answer has never been formally amended to include any policy exclusion, counsel for Great American did raise the issue in his opening statement. He stated that the policy excluded from coverage any losses caused by

"flood or surface water or water below the surface of the ground.

"It is defendant's position that these exclusions included the loss caused by the water running into the footings and foundations."

At the end of his opening statement counsel repeated the basis of Great American's defense:

"Your honor, it is our position that, because of the

exclusion, there is no insurance coverage for this loss, and we would request that the Court reach such a conclusion."

The record is barren of any objection by Ferndale to the placing of any policy exclusion at issue. Rather, the record affirmatively shows that Ferndale consented, albeit impliedly, to litigate the issue. Counsel for Ferndale asked one of his own witnesses whether he thought the policy exclusion concerning flood and surface water was intended to exclude the particular type of loss involved. Additionally, in his closing argument Ferndale's counsel discussed extensively the issue concerning the surface and flood water exclusion. At the commencement of the argument he stated:

"I think the sole issue, then, is — that counsel has raised — is whether or not the exclusions contained in this policy prohibit this particular type of coverage."

Counsel demonstrated his familiarity with the issue by citing authorities which he believed supported his position. In fact, the sole thrust of Ferndale's counsel's closing argument was directed to his position that no exclusions defeated coverage.

Under these circumstances, we hold that the issue of the applicability of the surface and flood water exclusions were properly placed before the court.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for consideration of the remaining issues.