527 P.2d 939 (1974)
FERNDALE DEVELOPMENT CO., INC., and Shroyer Construction Co., Inc., Colorado corporations, Plaintiffs-Appellants,
v.
GREAT AMERICAN INSURANCE COMPANY, a Colorado corporation, Defendant-Appellee.
No. 72-410.
Colorado Court of Appeals, Div. I.
August 7, 1974.
Rehearing Denied August 27, 1974.
Certiorari Denied October 29, 1974.
Costello, Kofoed & O'Donnell, David L. Kofoed, Denver, for plaintiffs-appellants.
Yegge, Hall & Evans, Don R. Evans, Robert E. Dean, Jr., Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
This case has been remanded to this court by the Supreme Court for a decision on the merits of plaintiffs' appeal.
Plaintiffs sought recovery in the district court under an insurance contract issued by the defendant. The trial court denied plaintiffs' claim on the grounds that the loss incurred by the plaintiffs fell within an exclusion to coverage set out in the insurance policy. On appeal, this court reversed the trial court on the ground that the defendant had failed to plead the exclusion relied on by the trial judge. Ferndale Development Co. v. Great American Insurance Co., Colo.App., 517 P.2d 480. The Supreme Court reversed the decision of this court on the ground that the issue of the applicability of the relevant exclusion had been tried by consent under C.R. C.P. 15(b). Great American Insurance Co. v. Ferndale Development Co., Colo., 523 P.2d 979. The case is now before us again for a determination of plaintiffs' claim that the loss did not fall within the specified exclusion.
The trial court found for defendant on the basis that the loss was excluded from coverage under paragraph "No. 3Exclusions No. A and also C". While paragraph 3C contains three separate exclusion clauses, only the portions of paragraph 3C which relate to damage resulting from *940 "flood" or "surface water" were put in issue and tried by the consent of the parties. (See opinion of Supreme Court, Colo., 523 P.2d 979.) Therefore, we need not address the possible application of any other exclusions.
The damage for which recovery was sought in this case occurred when a valve on a city water line ruptured resulting in the inundation of the footings and foundations of partially completed condominiums being constructed by the plaintiffs. The only issue before us is whether this loss is covered by the insurance policy. The policy is an "all risks" policy with broad general property damage coverage. However, the policy contains a list of specified exclusions. The loss in this case is a covered loss unless it falls within one of the exclusions relied upon by the defendant.
Paragraph 3C of the policy endorsement excludes from coverage any loss "caused by, resulting from, contributed to or aggravated by any of the following(1) flood, surface water . . . ." The sole question before us is whether the water which caused the damage in this case constituted a "flood" or can be referred to as "surface water" as those terms are used in this policy. We conclude that neither of these exclusions removes this loss from the coverage of the policy and reverse the judgment of the trial court.
Defendant urges us to apply the relevant terms of this policy according to their "common sense, everyday usage." See Equitable Life Assurance Society v. Hemenover, 100 Colo. 231, 67 P.2d 80. However, we find that the terms "flood" and "surface water" have been held in various cases to have somewhat different "plain" meanings. Several cases have held that these terms apply only in cases where "natural" water sources are involved. See, e. g., Hatley v. Truck Insurance Exchange, 261 Ore. 606, 494 P.2d 426, 495 P.2d 1196. One of the leading commentators on insurance law has stated:
"`Flood waters' are those waters above the highest line of the ordinary flow of a stream, and generally speaking they have overflowed a river, stream, or natural water course and have formed a continuous body with the water flowing in the ordinary channel . . . `surface water' is water which is derived from falling rain or melting snow, or which rises to the surface in springs, and is diffused over the surface of the ground, while it remains in such a diffused state, and which follows no defined course or channel, which does not gather into or form a natural body of water, and which is lost by evaporation, percolation, or natural drainage." 5 J. Appleman, Insurance Law and Practice § 3145.
On the other hand, the ambiguity of the terms is demonstrated by the fact that at least one court has construed "flood" damage to include damage to a building from the bursting of a water pipe. Mateer v. Reliance Insurance Co., 247 Md. 643, 233 A.2d 797. However, it did so in that case because the term appeared in the insuring clause, not in an exclusion as in our case. Consistent with the general rule of construction that ambiguities are construed against the insurer, the court found that the loss in that case was covered by the policy.
Colorado also follows the general rule of construction by which ambiguities in an insurance contract are construed against the insurer. Coxen v. Western Empire Life Insurance Co., 168 Colo. 444, 452 P.2d 16. Thus, where terms of an exclusion are ambiguous they are to be construed narrowly and in favor of the insured. Beeson v. State Auto and Casualty Underwriters, 32 Colo.App. 62, 508 P.2d 402, aff'd, Colo., 516 P.2d 623.
Applying these principles, we conclude that the terms "flood" and "surface water," as they are used in the exclusions of the insurance policy before us, do not include water escaping from burst water mains. If defendant had wished to exclude such losses from the coverage of its policy, it could have done so by adequately *941 defining the two terms to apply to such cases. In the absence of such definitions, we construe the ambiguity of the terms against the insurer.
Judgment reversed.
SILVERSTEIN, C. J., and ENOCH, J., concur.