MR. JUSTICE HODGES
delivered the opinion of the Court.
We granted certiorari to review the court of appeals decision which reversed the judgment of the trial court in this quiet title action. The court of appeals in Lee v. Buena Vista Bank and Trust Co., 36 Colo. App. 183, 539 P.2d 1331 (1975), ruled that the evidence established that title in the subject property was in Lee rather than petitioner bank, contrary to the trial court’s findings. It also held that the bank’s purported defense of estoppel to the quiet title action commenced by Lee was not properly raised in the trial court and therefore could not be considered on appeal. We affirm the court of appeals decision, insofar as the issues determined there have been raised in this court by the bank.
The court of appeals held that Lee acquired title to the property by reason of quitclaim deeds and that the subsequent chain of deeds leading up the bank’s asserted title could not have been effective to convey the property. In so holding, the court of appeals did not discuss the effect of the recording statute, section 38-35-109, C.R.S. 1973. Petitioner bank, however, does not contest this aspect of the case and we therefore do not consider it.
The bank does dispute the ruling of the court of appeals that it could not address the issue of estoppel because the bank did not properly raise it in the trial court. The bank had contended that Lee should be estopped from asserting his claim of title to the land because as president of Colorado Springs Leasing Company he signed an instrument purportedly conveying title to one Jones, and because he allegedly represented to the bank *553 that he would convey his interest in the land in order to secure a loan that he and Jones would use for their joint business purposes. There is a dispute in the evidence as to the foregoing allegations of the bank.
The court of appeals correctly held that the issue of estoppel could not be considered on appeal. C.R.C.P. 8(c) requires that affirmative defenses, such as estoppel, be set forth in a defendant’s pleadings. See also Dreiling Motor Co. v. Shultz, 168 Colo. 59, 450 P.2d 70 (1969). The bank failed to plead this defense and it also failed to request that its pleadings be so amended in the trial court.
The estoppel issue was also not tried by the express or implied consent of the parties, as permitted by C.R.C.P. 15(b). The issue was not raised in the pretrial order framing the issues, nor did the bank’s counsel make an opening statement in which he argued this issue. Compare, Great American Insurance Co. v. Ferndale Development Co., Inc., 185 Colo. 252, 523 P.2d 979 (1974). The bank’s counsel raised the issue of estoppel for the first time in his argument in support of the bank’s motion to dismiss Lee’s suit after Lee’s case in chief, and also later in his closing arguments to the trial court. Lee’s counsel, however, refused to agree that estoppel was in issue, and in his closing arguments, objected to the introduction of any such equitable defense in the bank’s closing argument as being outside of the pleadings. We agree that the estoppel defense was not “intentionally and actually tried” by the parties. See Dreiling Motor Co., supra.
Although potential issues frequently advanced in quiet title cases are suggested under the facts of this case, they were not properly presented for review by this court.
We affirm the judgment of the court of appeals.
MR. JUSTICE KELLEY dissents.