Perry E. BARTLETT, and Audrey M. Bartlett, d/b/a Deer Crest Chalets, Plaintiffs-Appellants,

v.

CONTINENTAL DIVIDE INSURANCE COMPANY, a Colorado Insurance corporation, Defendant-Appellee.

No. 84CA0175.

Colorado Court of Appeals, Div. I.

Nov. 23, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Granted March 25, 1985.

French & Stone, P.C., David M. Haynes, Joseph C. French, Boulder, for plaintiffs-appellants.

Greengard & Senter, Richard D. Greengard, Holly E. Rebstock, Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiffs' property was damaged by released water and debris as a result of the failure of Lawn Lake Dam. They filed a claim under their Special Businessowners Policy issued by Continental Insurance Co. Continental denied coverage because the policy contained an exclusion for losses "caused by, resulting from, contributed to, or aggravated by ... flood, surface water [or] ... overflow of streams or other bodies of water...."

The plaintiffs filed this action for declaratory relief and damages. After both parties filed motions for partial summary judgment, the trial court ruled in Continental's favor. The court found that the insurance policy expressly excluded damage due to flood, the term "flood" was not vague or ambiguous in this case, and the failure of Lawn Lake Dam did in fact cause a flood resulting in damage to plaintiffs' property. Contending that the language of the exclusion was ambiguous, the plaintiffs appeal. We affirm.

◼ The term "flood" is not defined within the policy, and it therefore retains its ordinary, customary meaning. *Gulf Insurance Co. v. Colorado*, 43 Colo.App. 360, 607 P.2d 1016 (1979). Ordinarily, "flood" means "a body of water (including moving water) ... overflowing or inundating land

not usually covered," 36A *C.J.S. Flood*, and no distinction is made between natural and artificial causes. *See Aetna Insurance Co. v. United States*, 628 F.2d 1201 (9th Cir.1980) (partially completed dam collapsed causing flooding); 10A *G. Couch, Cyclopedia of Insurance Law* §§ 42:381 and 42:382 (R. Anderson 2d ed. 1982) (flood insurance contemplates an unusual event or hazard, and policy may so define flood to exclude harm from release of artificially stored water); *cf. Ferndale Development Co. v. Great American Insurance Co.*, 34 Colo.App. 258, 527 P.2d 939 (1974) (terms "flood" and "surface water" as used in the policy at issue do not include water escaping from burst water mains); *see also* § 37–87–104, C.R.S. (reservoir owners liable for damages by *floods* caused by breaking of the reservoir's embankments).

◼ Notwithstanding the ordinary meaning of "flood," plaintiffs urge us to distinguish between natural and artificial causes when reading the terms of the insurance policy. However, there is no such distinction in the contract, and the event in question falls well within the ordinary use of the term; therefore, to make such distinction would be to rewrite terms of the policy, and that is beyond our power. *Gulf Insurance Co. v. Colorado, supra*. Although the use of the term may in some cases result in ambiguity, *see Ferndale Development Co. v. Great American Insurance Co., supra*, we agree with the trial court's conclusion that there was no ambiguity here.

◼ Similarly, the trial court properly refused to address the question of the "efficient moving cause" of the loss. The insurance policy excludes coverage for "all direct loss by flood or overflow," and contains no provision for coverage of flood losses that result from the negligence of a third party. Thus, the trial court properly limited the inquiry to the immediate cause of the loss.

Unlike *Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974), where there was a concurrence of

different causes so that the efficient or moving cause had to be determined, here, the only event alleged as the cause of the loss was the flood caused by the failure of the dam; and loss by flood was specifically excluded from coverage.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.