**ELLIOTT ELECTRIC SUPPLY CO., INC., a Colorado corporation, Plaintiff,**

**v.**

**ADOLFSON & PETERSON, INC., a Minnesota corporation, Defendant–Appellant,**

**and**

**Joint District No. 28J of the Counties of Adams and Arapahoe, a Body corporate, Defendant–Appellee.**

**No. 86CA1863.**

Colorado Court of Appeals, Div. V.

Nov. 17, 1988.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1987 Cum.Supp.).

Pryor, Carney and Johnson, P.C., A. Craig Fleishman, Mary E. McPherson, Englewood, for defendant-appellant.

Holland & Hart, Wiley E. Mayne, Marcy G. Glenn, Denver, for defendant-appellee.

PLANK, Judge.

Adolfson & Peterson, Inc., (A & P) appeals the summary judgment entered by the trial court which determined that Joint District No. 28J of Adams and Arapahoe Counties (school district) had no obligation to pay interest on funds withheld pursuant to § 38–26–107, C.R.S. (1982 Repl.Vol. 16A). We affirm.

A & P, a general contractor, agreed to build a high school for the school district. A & P subcontracted electrical work for the project to Tee–Pee Electric, Inc. (Tee-Pee). Tee–Pee in turn ordered materials from Elliott Electric Supply Company, Inc. (Elliott). Subsequently, A & P terminated its subcontract with Tee–Pee alleging that it was not staffing the project adequately. Elliott then filed verified notice of claims with the school district asserting claims against funds due A & P from the school district. These claims were based on Tee–Pee's failure to pay Elliott for supplies used for the building of the high school.

Based on the number of conflicting claims between the parties, the school district, pursuant to § 38–26–107, C.R.S. (1982 Repl.Vol. 16A) placed $356,296.36 into an account. This figure represented the amount claimed plus interest owed on that sum. In August of 1986, a settlement was reached by all parties to the litigation. The school district paid the $356,296.36 to the parties and they in turn determined the appropriate distribution of the funds.

During the period that the school district was obligated to retain the funds, interest accrued on the $356,296.36 in the sum of $123,497.97. Elliott subsequently assigned to A & P whatever claims it might have had against the school district for the interest on the withheld funds. The only issue not resolved between A & P and the school district was who was entitled to the interest on the retained $356,296.36.

On cross-motions for summary judgment, the trial court ruled that the school district was entitled to the $123,497.97, and this appeal followed.

I

A & P initially contends that the trial court misconstrued § 38–26–107 in finding that the school district had no statutory obligation to pay interest on the withheld funds. We disagree.

Pursuant to § 38–26–107(2), C.R.S. (1982 Repl.Vol. 16A), the school district was required to withhold all payments to A & P upon the filing of a verified claim by Elliott. The statute is designed to protect those who supply materials to public works projects and stands in the place of the mechanics' lien statute. *See South–Way v. Adams City Service,* 169 Colo. 513, 458 P.2d 250 (1969).

By its plain language, the bond statute makes no provision for a claimant to receive the interest earned on withheld funds that are ultimately paid to the claimant. Rather, § 38–26–107 requires that the public body withhold sufficient funds to insure the payment of contractor's and subcontractor's claims, and that it retain the withheld amounts until the final outcome of any resultant litigation. In comparison, the general mechanics' lien statute has an express provision for the claimant under a lien to receive interest on its claim. Section 38–22–101(5), C.R.S. (1982 Repl.Vol. 16A).

A & P contends that the trial court erred when it looked no further than the plain language of the statute in deciding who was entitled to the interest. We disagree.

When a statute is plain and unambiguous on its face, resort to legislative intent is not only unnecessary, but inappropriate. *See Lassner v. Civil Service Commission,* 177 Colo. 257, 493 P.2d 1087 (1972). Furthermore, if "language of the statute is plain and its meaning is clear, it must be applied as written." *Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984). We conclude that the trial court correctly applied the statute as written.

## II

A & P also asserts that the trial court erred in finding that A & P was not entitled to the interest under a theory of unjust enrichment. We disagree.

A claim for unjust enrichment lies when one has conferred a benefit upon another, that benefit has been appreciated by its recipient, and the circumstances show that it would be inequitable to allow the recipient of the benefit to retain it. *Cablevision of Breckenridge v. Tannhauser,* 649 P.2d 1093 (Colo.1982).

Here, the trial court determined that the school district had appreciated the benefit of interest on the withheld funds. However, the court determined that the benefit was not conferred by A & P. We agree with that analysis.

The benefit resulted from the statutory mandate that required the school board to withhold the amount claimed by the supplier. To the extent that those lawfully withheld amounts earned interest and the school district retained that interest, the benefit to the school district was conferred by the statute rather than by A & P. Furthermore, it was A & P's selection of Tee–Pee that precipitated this claim. Hence, we conclude that A & P's claim for unjust enrichment is not supported by the facts at issue.

Our resolution of the above issues makes it unnecessary to address A & P's other assignments of error.

JUDGMENT AFFIRMED.

JONES and NEY, JJ., concur.