**UNION INSURANCE CO.,**
Plaintiff–Appellee,

v.

**Kristi KJELDGAARD, Dean Kjeldgaard, Kathryn Ross and Harold Ross,**
Defendants–Appellants.

**No. 87CA0975.**

Colorado Court of Appeals,
Div. V.

Dec. 15, 1988.*

Certiorari Denied May 30, 1989.

Ralph E. Miller, Montrose, for plaintiff-appellee.

Hugh D. Wise III, Aspen, for defendants-appellants.

NEY, Judge.

Defendants, Dean and Kristi Kjeldgaard and Harold and Kathryn Ross, appeal the trial court's declaratory judgment on the pleadings that a comprehensive liability insurance policy issued by plaintiff, Union Insurance Company (Union), does not provide coverage to Charles Jacobson (insured) for damages awarded to defendants in a previous action. We affirm in part, reverse in part, and remand with directions.

Defendants entered into a contract under which the insured agreed to construct a barn and an indoor riding arena. During construction, the structures were severely damaged by a windstorm. When the insured refused to rebuild the structures, defendants brought an action against him for improper construction. Following trial to the court, defendants obtained a judgment against the insured for the cost of repairing or replacing the structures, loss of profits, interest, and exemplary damages.

Union then commenced the instant action, seeking a determination as to whether the policy with its insured obligated Union to pay the damages awarded to defendants. A copy of the insurance policy was attached to the complaint and incorporated by reference. In the complaint, Union alleged that the claim against its insured and the resulting judgment arose from a breach of contract which was specifically excluded from coverage by the "contractual liability exclusion" provision of its policy.

Defendants filed an answer, and the parties submitted cross-motions for judgment on the pleadings. In its response to defendants' motion, Union first raised the claim

---

* Prior opinion announced November 10, 1988 was Withdrawn by Order of the Court on December 15, 1988. Petition for Rehearing of Defendants–Appellants Granted. Petition for Rehearing of Plaintiff–Appellee Denied.

that yet another policy provision, the "work product exclusion," provided an alternate basis for finding the insurance policy did not provide coverage. Defendants immediately objected to the interjection of this issue, and requested the court to enter judgment only on those issues specifically raised in the pleadings.

The trial court ruled that the "contractual liability exclusion" did not apply to defendants' claims against the insured because those claims were based, in part, on tort liability. However, the court held that the policy's "work product exclusion" did apply to defendants' claims so as to preclude coverage for lost profits and repair or replacement of the structures. The court also held that Union was not liable under the policy for the punitive damages awarded against its insured.

Defendants contend the trial court erred in ruling that the insurance policy did not provide coverage for punitive damages. We disagree.

■ The insurance policy provides that Union will indemnify its insured only for damages arising from bodily injury or property damage. Under the holding of *Universal Indemnity Insurance Co. v. Tenery*, 96 Colo. 10, 39 P.2d 776 (1934), this type of policy does not render an insurer liable for punitive damages awarded against its insured. The court's reasoning in *Tenery* indicates that, contrary to defendants' assertions, the holding is not limited to cases involving automobile insurance policies or intentional rather than reckless conduct:

"Included in the total amount of the judgment entered against the garnishee herein was the award of exemplary damages against defendant Callahan in the sum of $1000. This award was primarily for the punishment of Callahan for his wrongful acts and as a warning to others. It was in nowise compensation to the injured party for bodily injuries or actual loss occasioned by the negligence of Callahan. The insurance company did not participate in this wrong, and was under no contract to indemnify against such. In this particular matter the policy indemnifies against damages for bodily injuries, and nothing in addition is contracted for, and there is no further liability. The injured will not be allowed to collect from a nonparticipating party for a wrong against the public."

We therefore conclude the trial court correctly ruled that this insurance policy did not provide coverage for punitive damages.

■ Defendants next contend that the trial court erred in considering the effect of the "work product exclusion" because this issue was not raised by the pleadings. We agree.

Under the rules of civil procedure governing pleading, the purpose of a complaint is to afford a defendant reasonable notice of the nature of the plaintiff's claim. Here, the complaint did not mention the "work product exclusion," and neither the complaint nor the attached policy gave defendants notice that Union was relying on any exclusion other than the "contractual liability exclusion."

Although C.R.C.P. 10(c) provides that an exhibit attached to a pleading is a part thereof for all purposes, this rule does not dispense with the necessity of stating the nature of a claim. C.R.C.P. 8(a). A 50-page insurance policy made a part of the pleadings cannot serve as a substitute for necessary and material averments which are missing from a complaint. *See Employers Casualty Co. v. Transport Insurance Co.*, 444 S.W.2d 606 (Tex.1969); *Cf. Ferndale Development Co. v. Great American Insurance Co.*, 33 Colo.App. 84, 517 P.2d 480 (1974), *rev'd on other grounds*, 185 Colo. 252, 523 P.2d 979 (1974) (where insurer has not raised the issue of a policy exclusion, a general denial by the insurer is not sufficient to place the exclusion at issue).

Since the pleadings failed to put the "work product exclusion" at issue, it was error for the trial court to enter judgment in favor of Union on the basis of this exclusion. *See Credit Investment & Loan Co. v. Guaranty Bank & Trust Co.*, 166 Colo. 471, 444 P.2d 633 (1968); *Cf. Great American Insurance Co. v. Ferndale Development Co.*, 185 Colo. 252, 523 P.2d 979

(1974) (when issue is tried before court without timely objection or motion, issue is deemed properly before court despite any defect in the pleading).

The judgment that plaintiff is not liable for punitive damages is affirmed. The remainder of the judgment is reversed, and the cause is remanded for further proceedings.

PLANK and JONES, JJ., concur.