Charles and Mary **KENNEDY,**
Plaintiffs–Appellants,

v.

**AERR CO.,** a Colorado corporation and **John Hamm,** Defendants,

**and Concerning**

**Admiral Insurance Company,**
Garnishee–Appellee.

No. 90CA1814.

Colorado Court of Appeals,
Div. III.

Dec. 19, 1991.

Rehearing Denied Jan. 30, 1992.

Certiorari Denied Aug. 10, 1992.

**808**

Dallas, Holland & O'Toole, Neil D. O'Toole, Denver, for plaintiffs-appellants.

Cooper & Kelley, P.C., John R. Mann, Denver, for garnishee-appellee.

Opinion by Judge NEY.

Plaintiffs, Mary and Charles Kennedy, appeal the judgment in favor of garnishee, Admiral Insurance Company (Admiral). We affirm.

Plaintiff Mary Kennedy was injured in a car accident when her car skidded on a patch of oil. The oil was spilled when a drain plug was dislodged during the loading operation of the equipment onto a flatbed trailer in preparation for its transportation. The equipment was owned by defendant Aerr Co., was operated by defendant Hamm, and was leased by defendant Benson.

Plaintiffs initiated a personal injury action and obtained judgment against all three defendants.

Plaintiffs reached a settlement of their judgment with defendant Benson; therefore, his liability is no longer an issue.

Thereafter, plaintiffs commenced a garnishment proceeding against, Admiral, the liability insurance carrier for Aerr Co., to collect on their judgment. Admiral answered and, as grounds for its denial, asserted that the incident was not covered by Aerr Co.'s insurance policy based on the "joint venture" and "automobile" exclusions in that policy.

At the garnishment hearing, the trial court found that the relationship between Aerr. Co. and Benson was a lease arrangement and not a joint venture. The court also found that the leased equipment was mobile equipment and not an automobile. Therefore, the trial court rejected Admiral's pleaded exclusions.

At the hearing, Admiral also raised "transportation" and "completed operations" exclusions within Aerr's insurance policy as grounds for non-payment. These exclusions had not been raised in Admiral's answer of the garnishment. However, plaintiffs' counsel did not object to these unpled exclusions and, instead, addressed

the exclusions in both his opening statement and throughout questioning.

The trial court found that the "transportation" and "completed operations" exclusions were valid defenses and dismissed the garnishment.

## I.

■ Plaintiffs initially contend that, because the "transportation" and "completed operations" exclusions were not pled in Admiral's answer, the court erred in considering these exclusions. We disagree.

■ The answer of the garnishee and the traverse frame the issues in garnishment proceedings. *General Accident Fire & Life Assurance Corp. v. Mitchell,* 120 Colo. 531, 211 P.2d 551 (1949). However, C.R.C.P. 15(b) provides that, when issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated as if the issues were raised in the pleadings. And, that rule also provides that, when an issue has been tried before the court without timely objection or motion, the issue is deemed properly before the court despite any defect in the pleadings. *Great American Insurance Co. v. Ferndale Development Co.,* 185 Colo. 252, 523 P.2d 979 (1974).

Not only did plaintiffs' counsel fail to enter a timely objection, but he addressed the "completed operations" exclusion in his opening statement by stating "one of the things counsel brought ... in, the completed operations question, I think we'll be able to establish...." Later, in order to challenge defendant's contention that the equipment was in transportation, he questioned the only eyewitness about the series of events that took place when the spill occurred.

Since plaintiffs did not object at trial and addressed both issues not previously raised, they consented to the trial on the issues of the unpled exclusions.

## II.

■ Plaintiffs next contend that it was error for the court to hold that the "transportation" exclusion excepted insurance coverage under Admiral's policy. We disagree.

The "transportation" exclusion in the policy provides that the insurance does not apply to:

bodily injury or property damage arising out of and in the course of transportation of mobile equipment by an automobile owned or operated by or rented or loaned to any insured.

Relying on the wording of this exclusion, plaintiffs contend that, since the flatbed which transported the piece of mobile equipment was stationary at the time of the accident, this exclusion does not apply. We disagree.

"Arising out of" has been defined as "originates from", "grows out of" or "flows from." *Northern Insurance Co. v. Ekstrom,* 784 P.2d 320 (Colo.1989).

■ We reject plaintiffs' contention that a vehicle must be moving to be in transportation. Transportation includes a process that is not limited to a moving vehicle, but also includes the activities (processes) originating from or flowing from transportation. *Northern Insurance Co. v. Ekstrom, supra.*

The trial court correctly concluded that the loading of the mobile equipment on the transport vehicle was a part of the process of transportation.

## III.

Because we conclude that the trial court correctly excluded insurance coverage under the transportation exclusion, we need not address the applicability of the completed operations exclusion.

Judgment affirmed.

METZGER and CRISWELL, JJ., concur.