Dale ACKERMAN, Plaintiff–Appellant,

v.

POWER EQUIPMENT COMPANY and VME Americas, Inc., Defendants–Appellees.

No. 93CA1011.

Colorado Court of Appeals, Div. III.

July 14, 1994.

Rehearing Denied Aug. 11, 1994.

Leventhal & Bogue, P.C., Bruce J. Kaye, Denver, for plaintiff-appellant.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, for amicus curiae The CO Trial Lawyers Ass'n.

The Oldham Law Firm, Michael E. Oldham, Heather Fox Vickles, Englewood, for defendants-appellees.

Opinion by Judge JONES.

In this personal injury suit, plaintiff, Dale Ackerman, appeals the trial court's calculation of interest under § 13–21–101, C.R.S. (1987 Repl.Vol. 6A), after the earlier appeal of the judgment by the defendants, Power Equipment Co., and VME Americas, Inc. We affirm.

Plaintiff suffered a personal injury on March 20, 1987, filed a personal injury suit against defendants on March 16, 1989, and received a jury verdict for $1,308,859.32 on August 16, 1990. After adding prejudgment interest to the award, calculated at 9% per annum, determined in accordance with § 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A), the trial court entered judgment in favor of plaintiff for $1,745,504.51.

Defendants appealed and the judgment was affirmed by this court. *Ackerman v.*

*Power Equipment Co.* (Colo.App. No. 91CA0118, July 2, 1992) (not selected for official publication). Following denial of defendants' petition for a writ of certiorari, defendants moved for recalculation of interest pursuant to § 13–21–101.

Over plaintiff's objections, the trial court ruled that the statute unambiguously required a recalculation of the damage amount from the date the action accrued, even though the recalculated interest rates for 1987 and 1988 were below the fixed 9% interest plaintiff would have received on his damage award had the defendants not appealed the judgment.

■ Section 13–21–101 governs the amount of interest courts must add to damage awards in a personal injury suit. In the absence of an appeal, § 13–21–101 provides that interest on a damage award is to be calculated at a fixed rate of 9% per annum, measured from the date the action accrued until the date the judgment is satisfied. In dispute are the provisions of § 13–21–101 that require the trial court to recalculate the interest based on a variable rate in cases in which the judgment debtor has appealed the judgment.

Plaintiff contends that, in order to fulfill the legislative intent of discouraging judgment debtor appeals, § 13–21–101 should not be applied literally but should be read to mandate a 9% interest rate floor. Thus, he maintains that, following an appeal, interest should be recalculated at either the variable interest rate set by the secretary of state or at the rate of 9% per annum, whichever is higher. Alternatively, plaintiff urges, for the first time on appeal, that interest should be recalculated with prejudgment interest set at the fixed 9% rate and postjudgment interest at the variable rate. We disagree with both interpretations. We hold that § 13–21–101 is clear and unambiguous in its requirement that both prejudgment and postjudgment interest is to be recalculated at the variable rates in the event of an appeal.

In 1982, the General Assembly amended § 13–21–101 to apply a variable market rate of interest if the judgment is appealed by the judgment debtor. In relevant part, the statute provides:

(1) ... On and after January 1, 1983, if a judgment for money in an action brought to recover damages for personal injuries is appealed by the judgment debtor, interest, *whether prejudgment or post judgment,* shall be calculated on such sum at the rate set forth in subsections (3) and (4) of this section from the date the action accrued. ...

(2)(a) If a judgment for money in an action brought to recover damages for personal injuries is appealed by a judgment debtor and the judgment is affirmed, interest, as set out in subsections (3) and (4) of this section, shall be payable from the date the action accrued until satisfaction of the judgment. (emphasis added)

Sections 13–21–101(3) and 13–21–101(4), C.R.S. (1987 Repl.Vol. 6A) provide for a variable interest rate to be set each year by the secretary of state at two percentage points higher than the then current federal discount rate. When these amendments were adopted in 1982, the variable rate prescribed by § 13–21–101(3) was significantly higher than 9%. However, the rate dropped below 9% in 1987 and 1988 and was at 6% and 5% in 1992 and 1993, respectively.

Plaintiff claims that, at the time the statute was amended, the General Assembly did not contemplate interest rates falling below 9%. He asserts that that situation would encourage meritless appeals because the interest rate on the appealed judgment would be less than the fixed 9% rate for nonappealed judgments.

■ When a statute is plain and unambiguous on its face, as it is in this case, resort to legislative intent is not only unnecessary, but inappropriate. *Elliott Electric Supply Co. v. Adolfson & Peterson, Inc.,* 765 P.2d 1079 (Colo.App.1988). However, solely to answer plaintiff's assertion, we note that Representative Robb, in introducing an amendment which would have killed the floating interest rate legislation, expressly warned his colleagues during debate on the bill that, if interest rates fell, the amendment would cause appealed judgments to carry a lower interest rate than non-appealed judgments. Hearings on S.B. 140, before the Senate Ju-

diciary Committee, 53rd General Assembly, First Session (February 17, 1982, 1:48 p.m. to 2:07 p.m.). The amendment failed. Furthermore, the General Assembly rejected a proposal that would have imposed the variable interest rate only on postjudgment interest, an interpretation of the statute that plaintiff now urges this court to adopt.

We are aware that a literal interpretation of the variable rate sections of § 13–21–101 at a time when the variable rate is lower than the fixed rate may be contrary to the apparent legislative purpose of the provisions, *i.e.*, to eliminate an economic incentive for judgment debtors to appeal. Nevertheless, the language of the statute is plain and unambiguous. The final paragraph of § 13–21–101(1) states that *both* "prejudgment and postjudgment" interest are to be recalculated in the event of an appeal. Section 13–21–101(2)(a), C.R.S. (1987 Repl.Vol. 6A) states that if the judgment is affirmed on appeal, interest is to be recalculated under the variable rate provisions "from the date the action accrued."

In *Scholz v. Metropolitan Pathologists, P.C.*, 851 P.2d 901 (Colo.1993), our supreme court analyzed § 13–21–101 to determine whether it permitted prejudgment interest for future damages. In rejecting policy arguments relating to the question, the court wrote:

> We are mindful of the issues surrounding ... [this question]. We find, however, that based on the language of the ... statute, it is not for this court to reach its own conclusion regarding these issues but rather, to enforce the statute as written. If our conclusion here does not comport with the General Assembly's intention in passing the prejudgment interest statute it is the legislature, not the court, that must rewrite it.

In this case, as in *Scholz v. Metropolitan Pathologists, P.C., supra*, we must reject the policy arguments raised by plaintiff and follow the plain language of the statute. Plaintiff asks this court not to interpret ambiguous terms, but to rewrite the statute, select-

ing one of several alternative methods he suggests, some of which are compelling, for assessing interest in the event of an appeal. However, it is for the General Assembly, not this court, to consider these proposals and, if desired, rewrite the statute.

The judgment is affirmed.

PLANK and PIERCE,* JJ., concur.