Joseph GONZALES, Plaintiff–Appellant,

v.

CITY AND COUNTY OF DENVER, a Municipal Corporation, Individually, and Burlington Northern Santa Fe Railroad, a Delaware Corporation, Individually, Defendants–Appellees.

No. 98CA1892.

Colorado Court of Appeals,
Div. III.

Aug. 5, 1999.

Certiorari Granted April 24, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

Law Office of David J. Greene, David J. Greene, Lakewood, Colorado, for Plaintiff–Appellant.

Daniel E. Muse, City Attorney, Carl R. Mangino, Assistant City Attorney, Denver, Colorado, for Defendant–Appellee City and County of Denver.

Hall and Evans, L.L.C., Frederick T. Martinez, Denver, Colorado, for Defendant–Appellee Burlington Northern Santa Fe Railroad.

Opinion by Judge NEY.

Plaintiff, Joseph Gonzales, appeals summary judgments dismissing his negligence claims against defendants, the City and County of Denver (Denver) and Burlington Northern Santa Fe Railroad (Burlington). We reverse and remand.

On May 22, 1998, plaintiff filed a complaint alleging that on June 18, 1995, he sustained injuries when a motorcycle he was operating struck a pothole located on a Denver street adjacent to railroad tracks owned by Burlington.

Plaintiff alleged that defendants were negligent in failing to repair the pothole and in failing to provide a barricade, light, or warning.

Denver filed a motion for summary judgment asserting that plaintiff's claims were barred by § 13–80–102(1)(h), C.R.S.1998, which provides for a two-year limitations period for actions against "any public or governmental entity. . . ." Plaintiff responded by arguing that the three-year limitations period for cases arising under § 13–80–101(1)(j), C.R.S.1998, of the Colorado Auto Accident Reparations Act (No–Fault Act) applied. The trial court concluded that plaintiff's claim against Denver was barred by the two-year statute and dismissed that claim.

Burlington filed a summary judgment motion asserting that plaintiff's claim against it was barred by the general two-year limitations period for negligence actions set out in § 13–80–102(1)(a), C.R.S.1998. In response to this motion, plaintiff again argued that the three-year No–Fault limitations period applied. Plaintiff also argued that the three-year limitations period covering tort actions for injuries arising out of the use or operation of a motor vehicle applied. *See* § 13–80–101(1)(n)(I), C.R.S.1998.

In deciding Burlington's motion, the trial court reiterated its conclusion that the No–Fault statute was not implicated in the action. It further determined that § 13–80–101(1)(n)(I) applied only when the claimed injury arose out of the alleged tortfeasor's use or operation of a motor vehicle. The trial court concluded that because plaintiff's alleged injuries did not arise out of Burlington's use or operation of a motor vehicle, § 13–80–101(1)(n)(I) did not apply and that plaintiff's claims were barred because the action was not commenced within two years.

Plaintiff contends that his claims against Denver and Burlington fall within the coverage of § 13–80–101(1)(n)(I) and that the trial court, therefore, erred in entering summary judgment in favor of both defendants. We agree.

■ A court's primary task in construing a statute is to determine and give effect to the intent of the General Assembly. *Christie v. Coors Transportation Co.,* 933 P.2d 1330 (Colo.1997).

■ To determine legislative intent, we look first to the words used. *People v. Warner,* 801 P.2d 1187 (Colo.1990). The words and phrases used must be read in context and accorded their plain and ordinary meaning. *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994). When that meaning is unambiguous and the result neither absurd nor unjust, the statute must be applied as written, *see Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973), and resort to legislative history or other means to determine intent is not only unnecessary, it is inappropriate. *See Acker-*

*man v. Power Equipment Co.,* 881 P.2d 451 (Colo.App.1994).

■ Therefore, even if the intent of the General Assembly can be disputed, if the plain language of the statute is clear, that language is controlling. *Scoggins v. Unigard Insurance Co.,* 869 P.2d 202 (Colo.1994).

The General Assembly enacted § 13–80–101(1)(n)(I) in 1994, and its provisions apply to any motor vehicle accident occurring on or after July 1, 1994. Colo. Sess. Laws 1994, ch. 348 at 2824. The statute provides as follows:

> The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter ... [a]ll tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle including all actions pursuant to paragraph (j) of this subsection (1).

At the same time it enacted § 13–80–101(1)(n)(I), the General Assembly also amended the general two-year tort statute of limitations:

> (1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within *two years* after the cause of action accrues, and not thereafter:
> (a) Tort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships, and tortious breach of contract; *except that this paragraph (a) does not apply to any tort action arising out of the use or operation of a motor vehicle as set forth in section 13–80–101(1)(n);*

*See* § 13–80–102(1)(a), C.R.S.1998 (emphasis added).

■ The critical issue to be resolved in this case is whether plaintiff's complaint was a tort action for "bodily injury or property damage arising out of the use or operation of a motor vehicle." If it was such an action, then, by the unambiguous language of the statute, § 13–80–102(1)(a) is inapplicable, and § 13–80–101(1)(n)(I) applies, regardless of

whether another shorter limitations period may also apply. *See Regional Transportation District v. Voss,* 890 P.2d 663 (Colo. 1995) (because statutes of limitations are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable).

There is no dispute that plaintiff's claims constitute a "tort action for bodily injury or property damage." Consequently, the only remaining question is whether the action arises out of the use or operation of a motor vehicle.

 "Motor vehicle" is a term of ordinary usage and includes any "vehicle on wheels having its own motor and not running on rails or tracks, for use on streets or highways." *Bertrand v. Board of County Commissioners, supra,* 872 P.2d at 229 (analyzing meaning of "motor vehicle" under the governmental immunity act). Plaintiff's motorcycle clearly is a motor vehicle.

"Arising out of" has been defined as originating from, growing out of, or flowing from. *See Northern Insurance Co. v. Ekstrom,* 784 P.2d 320 (Colo.1989); *Kennedy v. Aerr Co.,* 833 P.2d 807 (Colo.App.1991).

The phrase "arising out of the use or operation of a motor vehicle" as used in the No–Fault Act requires only a causal connection between the use of the motor vehicle and the injury. *Loza v. State Farm Mutual Automobile Insurance Co.,* 970 P.2d 478 (Colo.App.1997). In order to establish the requisite causal relationship between the use of the vehicle and the injury in No–Fault cases, a claimant need only show that the accident would not have occurred but for the vehicle's use. *See Aetna Casualty & Surety Co. v. McMichael,* 906 P.2d 92 (Colo.1995).

Here, it is beyond reasonable dispute that plaintiff would not have sustained his alleged injuries but for the operation of his motorcycle. And, by any reasonable interpretation, plaintiff's injuries originated from, or grew out of, his use of the motorcycle. Accordingly, we conclude that plaintiff's tort action arose out of the use or operation of a motor vehicle.

Defendants argue, and the trial court concluded, that the General Assembly actually intended § 13–80–101(1)(n)(I) to apply only when a plaintiff's claimed injury arose out of the alleged tortfeasor's use or operation of a motor vehicle. We decline to read that limitation into the statute when its plain language does not suggest such an intent. *See Scoggins v. Unigard Insurance Co., supra* (court should not judicially legislate by reading a statute to accomplish something the plain language does not suggest, warrant, or mandate); *C.P. & Son, Inc. v. Board of County Commissioners,* 953 P.2d 1303 (Colo.App.1998).

We conclude that plaintiff's claims fall within the coverage of § 13–80–101(1)(n)(I). Hence, because plaintiff filed his complaint within the three-year period required by that statute, the trial court erred in concluding that plaintiff's claims were barred.

Inasmuch as we have determined that § 13–80–101(1)(n)(I) applies, we need not reach plaintiff's remaining contentions of error.

The summary judgments entered in favor of defendants are reversed, and the cause is remanded for further proceedings on plaintiff's complaint.

Judge CASEBOLT and Judge PIERCE, * concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.