**CITY AND COUNTY OF DENVER, a municipal corporation, individually, and Burlington Northern Santa Fe Railroad, a Delaware corporation, individually, Petitioners,**

v.

**Joseph GONZALES, Respondent.**

**Robert C. Meyer, Jr., d/b/a Automotive Specialists, Petitioner,**

v.

**William A. Barker, Respondent.**

**Nos. 99SC738, 00SC111.**

Supreme Court of Colorado,
En Banc.

Jan. 16, 2001.

&#9918;31

Hall & Evans, L.L.C., Alan Epstein, Walter J. Downing, Denver, CO, Attorneys for Petitioner Burlington Northern Santa Fe Railroad Company.

The Law Firm of David J. Greene, David J. Greene, Wheat Ridge, CO, Attorney for Respondent Joseph Gonzales.

Harris, Karstaedt, Jamison & Powers, P.C., A. Peter Gregory, Englewood, CO, Attorney for Petitioner Robert C. Meyer.

Hillyard & Barnhart, L.L.P., Angela L. Ekker, Englewood, CO, Attorney for Respondent William A. Barker.

Justice HOBBS delivered the Opinion of the Court.

We granted certiorari and consolidated two cases for decision regarding the applicable statute of limitations when a plaintiff was injured while using a motor vehicle but the alleged tortfeasor was not using a motor vehicle.[1] *See Gonzales v. City & County of Denver*, 998 P.2d 51 (Colo.App.1999); *Barker v. Meyer*, No. 98CA2425 (Colo.App. Dec. 23, 1999) (not selected for official publication). These were one-vehicle accidents. Plaintiff Gonzales hit a pothole while driving his motorcycle. The wheels of Plaintiff Barker's truck fell off while he was driving it. Both plaintiffs alleged that the defendants' negligence caused their accidents. We hold that the three-year statute of limitations set forth in section 13–80–101(1)(n)(I), 5 C.R.S. (2000), applies to both cases. This section applies to "all" tort actions for bodily injury or property damage "arising out of the use or operation of a motor vehicle," whether or not the alleged tortfeasor was using or operating a motor vehicle. Accordingly, we affirm the judgment of the court of appeals in both cases reversing the summary judgments for defendants below.

## I.

### A. Gonzales

On June 18, 1995, Joseph Gonzales suffered injuries when his motorcycle hit a pothole on East 40th Avenue in Denver adjacent to railroad tracks owned by Burlington Northern Santa Fe Railroad (Burlington). On May 21, 1998, Gonzales filed suit in Denver District Court, alleging that Burlington and the City and County of Denver (Denver)[2] were negligent in failing to repair the pothole and failing to provide a barrier or warning of its presence.

In response to defendants' summary judgment motions, the trial court ruled that the three-year statute of limitations applied only when the accident involved the alleged tortfeasor's use or operation of a motor vehicle. It held that the general two-year statute of limitations, section 13–80–102(1)(a), 5 C.R.S. (2000), applied, and it therefore dismissed the action. The court of appeals reversed. It held that that the phrase "arising out of the use or operation of a motor vehicle" contained in the three-year statute of limitations did not require the alleged tortfeasor's use or operation of a motor vehicle. *See Gonzales*, 998 P.2d at 54.

### B. Barker

On September 3, 1995, the dual rear wheels on the passenger side of William A. Barker's truck fell off while he was driving. On September 1, 1998, Barker filed suit alleging that Robert C. Meyer, Jr., through his motor vehicle servicing company, caused the accident through negligent maintenance of the vehicle while performing brake repairs.

In defense, Meyer invoked the general two-year statute of limitations, section 13–

---

**1.** In *Gonzales*, we granted certiorari on the following issue:
> Where a plaintiff is injured in a one-vehicle motorcycle accident, and the allegation of negligence against the defendant is failing to repair a pothole and failing to provide a barricade, light, or warning, and *not* negligence "arising out of the use or operation of a motor vehicle," whether the three-year statute of limitations of § 13–80–101(1)(n)(I), C.R.S. (1999) applies, or instead, whether the two-year statute of limitations of § 13–80–102(1)(a), C.R.S. (1999) applies.

(Emphasis in original.)

In *Barker*, we granted certiorari on the following issue:

> Where a plaintiff is injured in a one-vehicle accident, and the allegation of negligence against the defendant relates to the defendant's negligent repair of the vehicle and not the defendant's contemporaneous use or operation of a motor vehicle resulting in injuries to the plaintiff, whether the three year statute of limitations contained in § 13–80–101(1)(n), C.R.S. (1999), applies, or, instead, whether the two year statute of limitations contained in § 13–80–102(1)(a), C.R.S. (1999), applies.

**2.** Denver has not appeared to argue this case before us.

80–102(1)(a). Barker responded by citing the three-year statute, section 13–80–101(1)(n)(I). The trial court granted summary judgment to Meyer. Relying on *Gonzales,* the court of appeals reversed and reinstated Barker's complaint.

We affirm the judgment of the court of appeals in both cases.

## II.

■ We hold that the three-year statute of limitations contained in section 13–80–101(1)(n)(I) applies when the plaintiff's bodily injury or property damage arises from the use or operation of a motor vehicle, whether or not the alleged tortfeasor used or operated a motor vehicle.

### A. Standard of Review

■ Meyer and Burlington argue that the General Assembly intended the three-year statute of limitations, section 13–80–101(1)(n)(I), to apply only when the alleged tortfeasor was using or operating a motor vehicle. They assert that the General Assembly's sole intent in enacting the three-year statute was to resolve an inconsistency a member of this court identified between the statutes applicable when an uninsured motorist caused the accident (prior two-year statute of limitations) and when an insured motorist caused the accident (prior three-year statute of limitations). *See Jones v. Cox,* 828 P.2d 218, 227 (Colo.1992) (Rovira, C.J., dissenting).[3]

■ In conducting our review, we effectuate the legislative intent by looking to the ordinary meaning of the words the General Assembly utilized. *See Itin v. Bertrand T. Ungar, P.C.,* 17 P.3d 129, 133 (Colo. 2000).

We also employ three rules of statutory construction when different time periods for filing suit may apply: (1) the more specific of two statutes applies; (2) the later-enacted statute applies over the earlier-enacted statute; and (3) because statutes of limitation are in derogation of a presumptively valid claim, the longer statutory period for filing a lawsuit applies over the shorter period. *See Dawson v. Reider,* 872 P.2d 212, 214 (Colo. 1994); *see also Regional Transp. Dist. v. Voss,* 890 P.2d 663, 668–69 (Colo.1995).

### B. Meaning of the Three Year Provision

The three-year statute of limitations, section 13–80–101(1)(n)(I), applies to "all" tort actions "for bodily injury or property damage arising out of the use or operation of a motor vehicle." It provides:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

. . .

(n)(I) All tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle including all actions pursuant to paragraph (j) of this subsection (1).

§ 13–80–101(1)(n)(I).

■ We look first to the ordinary meaning of the words the General Assembly has chosen. *See People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000). "Arise" means: "To originate [from]; to stem (from) . . . [or t]o result (from)." *Black's Law Dictionary* 102 (7th ed.1999).[4] We have said the language "aris-

---

**3.** In *Jones,* we determined that the three-year statute of limitations of section 13–80–101(1)(j) applies when a cause of action "arises under" the No-Fault Act. *See Jones,* 828 P.2d at 220 (referring to the Colorado Auto Accident Reparations Act, §§ 10–4–707 to –726, 3 C.R.S. (2000)). Accordingly, we construed the No Fault Act to apply not only to first-party claims by the insured against the insurers, but also to third-party claims brought against the driver of the other vehicle. *See id.* at 221–23. Burlington and Meyer argue that because in *Jones* the tortfeasor used a motor vehicle and we found section 13–80–101(1)(j) applicable, section 13–80–101(1)(n)(I)

must also apply only to incidents where the alleged tortfeasor uses a motor vehicle. They also contend that section 13–80–101(1)(n)(I)'s incorporation of "all actions pursuant to paragraph (j) of this subsection (1)" means that paragraphs (n)(I) and (j) are to be construed in the same manner. This argument overlooks the fact that paragraph (n)(I) is inclusive of paragraph (j), and therefore, applies to more situations than does paragraph (j).

**4.** A motor vehicle means any "vehicle on wheels having its own motor and not running on rails or

ing out of" means to "originate from," "grow out of," or "flow from." It does not require a strict causal connection between the use or operation of a motor vehicle and the accident; some causal connection suffices. *See Northern Ins. Co. of New York v. Ekstrom,* 784 P.2d 320, 323 (Colo.1989); *Tolbert v. Martin Marietta Corp. (In re Question Submitted by the United States Court of Appeals for the Tenth Circuit),* 759 P.2d 17, 20–22 (Colo. 1988); *Trinity Universal Ins. Co. v. Hall,* 690 P.2d 227, 230 (Colo.1984).

Moreover, the General Assembly's omission of "tortfeasor," "driver," "motorist," or a similar word in section 13–80–101(1)(n)(I) qualifying the language "arising out of" is significant. The General Assembly could have predicated application of the three-year statute on the alleged tortfeasor's use or operation of a motor vehicle. It did not. At the same time the General Assembly enacted the three-year statute, section 13–80–101(1)(n), it amended the two-year statute, section 13–80–102(1)(a), to reinforce its meaning: "this paragraph (a) does not apply to any tort action arising out of the use or operation of a motor vehicle as set forth in section 13–80–101(1)(n)." § 13–80–102(1)(a); ch. 348, sec. 2, § 13–80–102, 1994 Colo. Sess. Laws 2824, 2825. Thus the legislature chose language in two statutory sections emphasizing its intent to apply the three-year period to *all* tort actions for bodily injury or property damage involving a motor vehicle.

Employing the statutory construction rules for resolving which of two or more potentially applicable statutes of limitations applies, we reach the same conclusion. *See Dawson,* 872 P.2d at 214. First, as to one enactment being more specific than the other, the three-year statute of limitations is more specific than the general two-year statute; it particularly addresses injuries or damage involving a motor vehicle, as opposed to generic tort situations. Second, as to the timing of the enactments at issue, the legislature adopted section 13–80–101(1)(n)(I) in 1994, after the 1986 repeal and reenactment of section 13–80–102(1)(a) (the general tort statute of limitations). The only contemporaneous change

the General Assembly made to the general two-year tort statute in 1994 was to reference the newly added provisions of section 13–80–101(1)(n)(I). *See* ch. 348, sec. 2, § 13–80–102, 1994 Colo. Sess. Laws 2824, 2825. Third, as to the longer filing period, section 13–80–101(1)(n)(I) affords plaintiffs an additional year for filing their tort actions than does section 13–80–102(1)(a). While use of any of these rules could resolve these cases, we conclude that all three support the application of section 13–80–101(1)(n)(I) here.

Both accidents here "arose out of" the use or operation of a motor vehicle. Section 13–80–101(1)(n)(I) applies to all tort actions for bodily injury or property damage arising out of the use or operation of a motor vehicle, whether or not the alleged tortfeasor was using or operating a motor vehicle, and therefore applies in the two cases before us.

### III.

Accordingly, we affirm the judgments of the court of appeals in both *Gonzales* and *Barker* reversing the trial court's dismissal of the lawsuits. On remand of these cases from the court of appeals the trial court shall reinstate the negligence actions.

---

tracks, for use on streets or highways"; a motorcycle, as in Gonzales's case, is a motor vehicle.

*Bertrand v. Board of County Comm'rs,* 872 P.2d 223, 229 (Colo.1994).